HENDRY, Judge.
Appellant seeks review of his conviction by the criminal court of record for the crime of possession of marijuana.
Since the state has agreed to appellant’s statement of the facts we shall state them as found in appellant’s brief:
“On August 20, 1964, at about 3:00 p. m., Sergeant K. L. England of the Miami Police Department was on surveillance in an unmarked police car in Miami, Florida. He saw the defendant drive by in a car at a normal rate of speed. He followed the car for about five blocks to see where the defendant was going. The defendant drove somewhat erratically from one side of the road to another on a narrow street. However, Sergeant England did nothing to draw the defendant’s attention to him and did not waive [sic] the defendant to stop. He intended to remain anonymous to the defendant.
“The defendant then stopped his car at the side of the road of his own volition; Sergeant England did not stop him. England then stopped his car, walked up to the defendant’s car and asked the defendant for his drivers license. The defendant produced his license and England then asked the defendant to step out of his car. The defendant complied and then performed several roadside sobriety tests at England’s request. England considered the defendant’s performance on these tests to be borderline, but satisfactory. The defendant was not placed under arrest at this time. England then questioned the defendant about his employment, where he had been employed recently and his reason for leaving. The defendant stated that he was working at Porkey’s Hide-a-way in Fort Lauder-dale, and that he had a good reputation in the community. He said he had further identification and England agreed to look at anything the defendant could show him in this regard. The defendant then attempted to produce further identification when some marijuana debris fell from his pocket to the hood of England’s car. England put the marijuana debris in a piece of paper and advised the defendant that he was under arrest for possession of marijuana. England then searched the defendant’s car and seized a pipe containing marijuana under the front seat of the car.”
Appellant contends on appeal that the marijuana debris recovered by Sergeant England from the hood of the police car was discovered by an unlawful search of the appellant, thereby vitiating the arrest and subsequent search of appellant’s car, which search produced the other evidence upon which defendant was convicted. We disagree.
Sergeant England was within his authority when he requested appellant to produce his driver’s license. Appellant voluntarily offered to show further identification which the officer agreed to look at. Whereupon, appellant, in attempting to show the identification, accidentally deposited the marijuana debris onto Sergeant *798 England’s police car. We do not consider such happening to have constituted a search by Sergeant England. Appellant, acting on his own, disclosed that he was committing a felony in the officer’s presence. The ensuing arrest and search were clearly valid.
The instant case is distinguishable from Ippolito v. State[1] where evidence was uncovered when defendant had knocked from his pocket lottery tickets, defendant first having been tackled by police officers. Similarly, appellant can take no comfort from Kraemer v. State[2] where officers had commenced an unlawful search prior to discovery and seizure of lottery tickets dropped by the defendant.
For the above reasons the judgment and sentence appealed is affirmed.
Affirmed.

. Fla.1955, 80 So.2d 332.

. Fla.1952, 60 So.2d 615.