LILES, Acting Chief Judge.
This appeal is taken from a writ of prohibition issued by the Circuit Court for Pinellas County, Florida, against appellant.
*275 Appellant, a justice of the peace of Pinellas County, tried defendant Phillips for the crime of petit larceny, a misdemean- or punishable by imprisonment in the county jail not exceeding six months or by a fine not exceeding $300.00. At the conclusion of the trial, Phillips questioned appellant’s power to try the case and demanded the case be transferred to the Civil and Criminal Court of Record for Pinellas County. Appellant refused to transfer the cause, found Phillips guilty and ordered presentence investigation. Phillips then filed a petition for writ of prohibition which was issued after a hearing thereon. Appellant was prohibited from proceeding further in the cause except as a committing magistrate on the ground that the criminal jurisdiction of the justice of the peace courts in Pinel-las County was limited to misdemeanors punishable by imprisonment not exceeding three months or by a fine not exceeding $100.00. This appeal followed.
The question to be answered here is- what provision of § 37.01, Fla.Stats., F.S.A., applies to the justice of the peace courts of Pinellas County. Section 37.01 provides in pertinent part:
“Each justice of the peace in this state shall have:
* * * * * *
“(2) Jurisdiction, in counties having a population of over fifty thousand according to the last preceding state census and no county court or criminal court of record, to try and determine all misdemeanors committed in their respective districts punishable by fine not exceeding five hundred dollars or by imprisonment not exceeding six months.
“(3) Jurisdiction, in counties having a population of over fifty thousand according to the last preceding state census and a county court, to try and determine all misdemeanors committed in their respective districts punishable by fine not exceeding one hundred dollars or by imprisonment not exceeding three months.”
Until 1951, Pinellas County had a county court and the justice of the peace courts tried misdemeanors pursuant to § 37.01(3), Fla.Stats., F.S.A. Then the legislature, by special act, abolished the county court and created a civil and criminal court of record in the county. That act, Ch. 27258', Laws of Fla., 1951, provides:
“Section 1. There is hereby established in Pinellas County, Florida, a court to be known and designated as the Civil and Criminal Court of Record of Pinellas County, Florida.
“Section 2. Said Court shall have original jurisdiction in the following cases:
******
“(d) This Court shall have criminal jurisdiction to try and determine all violations of the Criminal laws of the State of Florida constituting misdemeanors, which arise in Pinellas County, Florida.
* * * * * * “Section 12. The County Court of Pi-nellas County, Florida is hereby abolished and all laws and parts of laws in conflict herewith are hereby repealed.
******
“Section 14. Nothing contained in this Act shall affect or impair the jurisdiction of the Justice of the Peace Courts in Pinellas County, or the Justices thereof, in any civil or criminal case, which is, under present law, within the jurisdiction of the Justice of the Peace Courts.” (Emphasis supplied.)
Apparently the justice of the peace courts continued to try criminal cases pursuant to § 37.01(3), Fla.Stats., F.S.A., until 1959 when the attorney general of Florida advised the justices of the peace through a letter that he felt their jurisdiction was controlled by the provisions of § 37.01(2), Fla.Stats., F.S.A.
At the conclusion of the hearing on the writ of prohibition, the trial court found that the civil and criminal court of record *276 created by Chapter 27258 was not equivalent to the constitutional “criminal court of record” referred to in § 37.01(2). This finding has not been questioned on appeal. That court held, however, that Section 14 of Chapter 27258 providing that nothing in that act would affect or impair the jurisdiction of the justice of the peace courts under “present law” meant that the jurisdiction of those courts was not to be increased and that § 37.01(3), Fla.Stats., F.S. A., limiting jurisdiction to misdemeanors punishable by imprisonment not exceeding three months or by fine not exceeding $100.00 still applied.
We agree with the trial court’s holding. When the act creating the Civil and Criminal Court of Record of Pinellas County was passed, justice of the peace courts in Pinellas County exercised criminal jurisdiction over misdemeanors punishable by imprisonment not exceeding three months or by fine not exceeding $100.00. In other words, they exercised jurisdiction according to § 37.01(3), Fla.Stats., F.S.A. Section 14 of Chapter 27258, supra, provided that:
“Nothing contained in this Act shall affect or impair the jurisdiction of the Justice of the Peace Courts in Pinellas County * * * in any * * * criminal case, which is, under present law, within the jurisdiction of the Justice of the Peace Courts.” (Emphasis supplied.)
Piad the legislature intended to increase the jurisdiction of the justice of the peace courts, it could have done so by clear language. It chose, however, to provide in a separate section that the act would not affect or impair the jurisdiction of those courts.
Appellant argues that Chapter 27258, Laws of Fla., 1951, if given this construction and effect, violates the constitutional provisions of Article III, Section 20, Fla.Const., F.S.A., prohibiting the 'enactment of any special or local laws “ * * * regulating the practice of courts of justice * * *.” This point, being raised by appellant in his brief for the first time, is not properly before this court. We note in passing, however, that the term “practice” as used in Article III, Section 20, Fla.Const., has been held to mean the method of conducting litigation. Skinner v. City of Eustis, 147 Fla. 22, 2 So.2d 116, 135 A.L.R. 359 (1941).
For the foregoing reasons, the action of the trial judge is affirmed.
HOBSON, J., and ODOM, ARCHIE M., Associate Judge, concur.