288 So.2d 490 (1974)
Gideon BERNHARDT, Appellant,
v.
STATE of Florida, Appellee.
No. 43335.
Supreme Court of Florida.
January 9, 1974.
*491 William W. Fernandez of Fernandez & Scarito, Orlando, for appellant.
Robert L. Shevin, Atty. Gen., and Nelson E. Bailey and Stephen R. Koons, Asst. Attys. Gen., for appellee.
ROBERTS, Justice.
This appeal has been transferred to us by the District Court of Appeal, Fourth *492 District, pursuant to Florida Appellate Rule 2.1, subd. a(5), 32 F.S.A., to review an order of the Circuit Court of Orange County which revoked appellant's probation and sentenced him to eighteen months confinement with credit for time served in the county jail pending the probation revocation hearing. The order revoking probation inferentially passed on the constitutionality of Section 949.10, Florida Statutes, F.S.A., since petitioner's motion to dismiss the warrant for violation of probation was based on the ground that said statute is unconstitutionally void for vagueness and the trial court specifically denied appellant's motion to dismiss on constitutional grounds and found this statute to be constitutional. Furthermore, the trial judge stated that the proceeding before it was pursuant to Section 949.10, Florida Statutes, F.S.A., and subsequently entered the order revoking probation. We have jurisdiction of this cause pursuant to Article V, Section 3(b) (1), Florida Constitution, F.S.A. (1973). See Evans v. Carroll, 104 So.2d 375 (Fla. 1958); Harrell's Candy Kitchen v. Sarasota-Manatee Airport Authority, 111 So.2d 439 (Fla. 1959); Demko's Gold Coast Trailer Park v. Palm Beach County, 218 So.2d 745 (Fla. 1969).
On February 3, 1972, appellant entered a plea of guilty to the offense of possession of LSD and was placed on probation for a term of three years in accordance with Chapter 948, Florida Statutes, F.S.A. On December 19, 1972, an affidavit for violation of probation was filed against appellant for violation of condition H of his probation, to-wit: live and remain at liberty without violating any law, in that the appellant was arrested on December 15, 1972 and charged by the Orange County Sheriff's Office with Count 1, possession of narcotic paraphernalia; Count 2, possession of narcotic drug; Count 3, possession of stolen property, in violation of Florida Statute 949.10, F.S.A. A warrant for his arrest was issued December 19, 1972, and on that same date appellant appeared in open court for arraignment and entered a plea of not guilty to violation of condition H of his probation. On December 21, 1972, appellant appeared for an evidentiary hearing pursuant to Section 949.11, Florida Statutes, F.S.A. Prior to testimony being taken, appellant's attorney orally made a motion to dismiss the warrant for violation of probation in this cause on the grounds that the statute (F.S. § 949.10, F.S.A.) upon which this information or warrant is based is unconstitutionally void for vagueness and ambiguity in that, appellant's counsel urged, it does not apprise the defendant of what crime or what he has to avoid in order to avoid enactment of the penalties of that statute and in that defendant cannot defend or avoid the prohibitions of the act since a police officer could arrest him without cause and such arrest would constitute a violation of this statute. As further grounds for said motion to dismiss the warrant for violation of probation, appellant's counsel stated that section 949.10 is in violation of defendant's Florida and Federal constitutional rights to due process of law in that it does not provide him with an opportunity to be heard within any reasonable period of time and because during the 10-day period mentioned in Section 949.11, he is not allowed to receive any bail until after the hearing F.S. § 949.12, F.S.A.).
In response to said motion to dismiss the charge of violation of probation, the prosecution pointed out that the statute in question has built-in protections in that, inter alia, the statute itself calls for a hearing within ten days from the date of arrest rather than denying a hearing and that this statute is simply an instrument by which a person can be brought back to jail and then if not given a hearing within the required time or the arrest is determined to be invalid, he is eligible to be released immediately.
The trial court, at this stage of the proceedings and prior to the taking of testimony, regarding the propriety of probation revocation, denied the motion to dismiss on constitutional grounds.
*493 The state's two witnesses were then called and their testimony taken. Appellant took the stand and testified on his own behalf. Pertinent to points on appeal posited by appellant other than the constitutionality vel non of Section 949.10, are the following facts appearing in the transcript of the hearing relative to search of appellant's automobile, seizure of narcotic paraphernalia therefrom, and arrest of appellant for possession of narcotic paraphernalia and narcotic drug. At the hearing, Deputy Sheriff Russell Calamia, assigned to the special investigation division of the Orange County Sheriff's Office, testified that at the time he searched appellant's auto and arrested him on a felony charge, he was executing a search warrant, the validity of which is not contested, of the premises. The search warrant described in detail the dwelling to be searched including the yard and curtilage thereof. While executing the search warrant, Calamia observed appellant drive up and park his car off the street on the yard in front of the premises designated in the warrant. Appellant testified that he resided at this location. Deputy Sheriff Calamia testified, inter alia, that in the execution of an affidavit and search warrant on the premises of 1229 West 18th Street, he and Agent Speaker searched appellant's automobile which was parked on the yard in front of the house and within the curtilage wherein they found narcotic drug (cannabis) in plain view behind the front passenger seat on the floor and found two items of narcotic paraphernalia and a letter addressed to appellant in the glove compartment; that after the search of appellant's car, they placed appellant under arrest for possession of cannabis and possession of narcotic paraphernalia and read him his Miranda rights. The record before this court supports appellee's assertion that no pre-trial motion to suppress evidence concerned in the revocation hearing was filed pursuant to Rule 3.190(b), Florida Rules of Criminal Procedure, 33 F.S.A. Furthermore, appellee properly states that the record nowhere reflects that any testimony or evidentiary items were introduced into evidence during the state's case over appellant's objection on grounds that the arrest was illegal, and that the legality of the arrest was not challenged by the appellant until after the state had completed its presentation of the case. Appellant after testimony of the state's witnesses orally made a motion for directed judgment on the ground that there had been no violation of probation which motion the trial court denied. At this juncture, the trial court reminded counsel for appellant that this was a probation revocation hearing pursuant to Section 949.10 and was not a hearing on a motion to suppress, that such a motion could later be raised on his new charges, but that this hearing was being held to determine whether appellant did or did not violate his probation previously entered on February 3, 1972. Appellant was then given an opportunity by the court to explain away the accusation against him. After appellant completed his testimony, the prosecutor acknowledged that the state had the burden to show that appellant had violated a condition of his probation, in this case had violated the law. At the conclusion of the evidentiary hearing, the trial court found that the state had proven that appellant had violated condition H of the order entered February 3, 1972, revoked appellant's probation and sentenced him to eighteen months confinement with credit for time served in county jail pending the probation revocation hearing.
The primary question presented by appellant for our determination is the constitutionality vel non of Section 949.10, Florida Statutes, F.S.A., which provides, as follows:
"Subsequent felony arrest of felony parolee or probationer prima facie evidence of violation.  The subsequent arrest on a felony charge, in this state, of any person who has been placed on parole or probation following a finding of guilt of any felony, or a plea of guilty or nolo contendere to any felony, shall be prima facie evidence of the violation of the *494 terms and conditions of such parole or probation. Upon such arrest the parole agreement or probation order shall immediately be temporarily revoked, and such person shall remain in custody until a hearing by the parole and probation commission or the court."
Other pertinent statutory provisions, provide:
"949.11 Hearing.  Any person whose parole or probation agreement is revoked pursuant to § 949.10 shall be given a hearing pursuant to § 947.23 or § 948.06. The hearing shall be held within ten days from the date of such arrest, the provisions of § 947.23 or § 948.06 notwithstanding. Failure of the commission or the court to hold the hearing within ten days from the date of arrest shall cause the immediate release of such person from incarceration on the temporary revocation.
"949.12 Immediate temporary revocation; bail not allowed.  A person whose parole or probation has been temporarily revoked pursuant to § 949.10 shall not be admitted to bail prior to the hearing provided for in § 949.11.
"948.06 Violation of probation; revocation; modification; continuance.  (1) Whenever within the period of probation there is reasonable ground to believe that a probationer has violated his probation in a material respect, any parole or probation supervisor may arrest such probationer without warrant wherever found, and forthwith shall return him to the court granting such probation. Any committing magistrate may issue a warrant upon the facts being made known to him by affidavit of one having knowledge of such facts for the arrest of the probationer, returnable forthwith before the court granting such probation. Any parole or probation supervisor, all officers authorized to serve criminal process, and all peace officers of this state shall be authorized to serve and execute said warrant. The court, upon the probationer being brought before it, shall advise him of such charge of violation and if such charge is admitted to be true may forthwith revoke, modify or continue probation and, if revoked, shall adjudge the probationer guilty of the offense charged and proven or admitted, unless he shall have previously been adjudged guilty, and impose any sentence which it might have originally imposed before placing the probationer on probation. If such violation of probation is not admitted by the probationer, the court may commit him or release him with or without bail to await further hearing, or it may dismiss the charge of probation violation. If such charge is not at said time admitted by the probationer and if it is not dismissed, the court, as soon as may be practicable, shall give the probationer an opportunity to be fully heard on his behalf in person or by counsel. After such hearing, the court may revoke, modify, or continue the probation. If such probation is revoked, the court shall adjudge the probationer guilty of the offense charged and proven or admitted, unless he shall have previously been adjudged guilty, and impose any sentence which it might have originally imposed before placing the probationer on probation. (2) No part of the time that the defendant is on probation shall be considered as any part of the time that he shall be sentenced to serve."
Initially, we must remark that the grant of probation rests within the broad discretion of the trial judge and is a matter of grace rather than right extended to the offender usually on the basis of a pre-sentence investigation which suggests that he is not likely to repeat his conduct and could be rehabilitated while at liberty under supervision. Statutory provisions which set out the procedures for extending probation privileges to those found guilty of violations of criminal laws are not mandatory on trial judges. Brill v. State, 159 Fla. 682, 32 So.2d 607 (1947); State *495 ex rel. Roberts v. Cochran, 140 So.2d 597 (Fla. 1962); Martin v. State, 243 So.2d 189 (Fla.App. 1971). The underlying concept of probation is rehabilitation rather than punishment and presupposes the fact that probationer is not in prison confinement, Roy v. State, 207 So.2d 52 (Fla.App. 1967), cert. dismissed, Fla., 211 So.2d 554. The purpose of the granting of probation as was allowed by the trial court sub judice pursuant to Section 948.01(1) without an actual adjudication of guilt, is rehabilitation of one who has committed the crime charged without formally and judicially branding the individual as a convicted criminal and without consequent loss of civil rights and other damning consequences. Delaney v. State, 190 So.2d 578 (Fla. 1966). One placed on probation is placed under the authority of the state probation and parole commission to be supervised as provided by law. See Rule 3.790(a), Florida Criminal Rules, Chapters 947, 948 and 949, Florida Statutes. Corollary to a defendant being placed on probation because it is more than likely that he will not repeat criminal conduct is the proposition that he is not entitled to remain at large if he persists in criminal tendencies, State v. Cochran, supra.
In addition to his discretion to grant probation, the trial judge has certain broad discretionary power to revoke probation. Bronson v. State, 148 Fla. 188, 3 So.2d 873 (Fla. 1941); Brill v. State, supra; State v. Cochran, supra; Manning v. United States, 161 F.2d 827 (5 Cir.1947); Martin v. State, 243 So.2d 189 (Fla.App. 1971).
However, this discretionary power must be exercised in accordance with certain due process requirements. We must point out that long before the Supreme Court of the United States rendered its decisions in Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) and Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed. 656 (1973), this Court recognized due process required that a hearing must be accorded to the person charged before probation could be revoked and the evidence upon which to predicate a revocation introduced at the hearing must be sufficient to satisfy the conscience of the court that a condition of probation has been violated. Brill v. State, supra; Roberts v. State, 154 So.2d 695 (Fla. 1963); Martin v. State, supra.
In accordance with the philosophy pronounced by the Supreme Court in Morrissey v. Brewer, supra, and Gagnon v. Scarpelli, supra, this Court very early announced, the following:
"The major concern of the court at the hearing was whether or not appellant had been on good behavior during his suspended sentence. The liberty he was enjoying was by judicial grace, he had already plead guilty to the offense of selling moonshine liquor. The hearing is in no sense a retrial of the main offense. Having plead guilty to that, he is now subject to be sentenced as he might have been at the time the suspended sentence was promulgated if he has not observed its conditions. The hearing was to determine this and no more.
"Such hearings are informal and do not take the course of a regular trial, neither does the evidence have the same objective as that taken at a regular trial. Its purpose is to satisfy the conscience of the court as to whether the conditions of the suspended sentence have been violated. A secondary purpose is to give the person accused of violating the suspended sentence a chance to explain away the accusation against him, but even this does not contemplate a strict or formal trial. [cases cited]
"After all is said, the sixty-four dollar question with which we are confronted is whether or not the lower court abused his discretion in supplanting the suspended sentence with one to serve six months in the county jail. It is not a question of formal procedure with respect to notice, charges against the appellant, or examination of the evidence in support of *496 the charges. Burns v. United States, supra. The Courts all hold that whether the action involves a suspended sentence, pardon or parole, due process requires that a hearing be accorded the one charged. U.S.C.A.Const. Amend. 14. In the case at bar, this requirement was met when the appellant was brought before the court for examination. He was no less a person convicted of law violation, and the suspension of his sentence was within the control of the court.
"But appellant insists that the evidence upon which his suspended sentence was revoked, was unlawfully secured and should not have been considered. Appellant confuses this hearing with the main trial at which he plead guilty. As already pointed out, we are now concerned with the question of whether or not the trial court abused his discretion in revoking the suspended sentence. This question is resolved not by evidence of guilt, but by evidence as to good behavior during the period of his suspended sentence." Brill v. State, supra, at 684-685, 32 So.2d at 608.
Appellant raises several points on appeal. There are several facets to appellant's attack of unconstitutionality directed to Section 949.10. Preliminarily, appellant urges that the questioned statute is violative of his due process right in that it is unconstitutionally vague. He argues that it does not apprise him of what conduct he must avoid in order to avoid the penalties provided therein. This contention is based on appellant's fallacious supposition that one mere arrest without probable cause is sufficient pursuant to Section 949.10, Florida Statutes, F.S.A., to immediately revoke probation. Section 949.10, Florida Statutes, F.S.A., is neither vague nor indefinite but rather is sufficiently clear to give reasonable notice to a probationer or parolee as to what conduct will render them liable to its penalties. See Brock v. Hardie, 114 Fla. 670, 154 So. 690 (1934); Zachary v. State, 269 So.2d 669 (Fla. 1972); Orlando Sports Stadium, Inc. v. State ex rel. Powell, 262 So.2d 881 (Fla. 1972); Newman v. Carson, 280 So.2d 426 (Fla. 1973); State v. Lindsay, Fla., 284 So.2d 377, decided October 24, 1973. Such criminal conduct as would give rise to probable cause for a felony arrest must be avoided. Implicit in the language of Section 949.10, to-wit: subsequent arrest on a felony charge is that the arrest be lawful in accordance with Chapter 901, Florida Statutes, based on probable cause that the probationer or parolee has committed a felony or on a warrant buttressed by a judicial determination of probable cause. Florida law nowhere authorizes a mere arrest without probable cause.
Section 949.10, Florida Statutes, F.S.A., read in para materia with Sections 949.11 and 949.12, Florida Statutes, F.S.A, provides that prior to the revocation hearing to be conducted pursuant to the requirements of Section 948.06, Florida Statutes, F.S.A., the probationer who has been arrested on a felony charge shall not be permitted to be admitted to bail. Argument is made by appellant that this provision acts to deprive him of his constitutionally guaranteed right to bail. Pursuant to the constitutional power vested in it by Article V, Section 2(a), Florida Constitution 1973 (previously Article V, Section 3), to promulgate rules of practice and procedure, this Court adopted Rule 3.790, Florida Rules of Criminal Procedure, which provides, inter alia, that the granting of bail to a probationer pending the final revocation of probation hearing is discretionary with the trial judge. In pertinent part said rule states "... the court may commit or release him with or without bail to await further hearing... ." Rules of practice and procedure adopted by this Court supercede any legislative enactment governing practice and procedure to extent that statute and rule may be inconsistent. Jaworski v. The City of Opa-Locka, Florida, 149 So.2d 33 (Fla. 1963); In re Florida Rules of Criminal Procedure, 272 So.2d 65 (Fla. 1973); In re *497 Clarification of Florida Rules of Practice and Procedure (Florida Constitution, Article V, Section 2(a)), 281 So.2d 204 (Fla. 1973). Insofar as Section 949.10 purports to deprive the court of its discretion in determining whether bail should be granted, this portion of the statute is superceded by Rule 3.790, Fla.Cr.P.R. attempting to distinguish between practice and procedure which this Court regulates and substantive law, this Court explained in In re Rules of Criminal Procedure, 272 So.2d 65 (Fla. 1973):
"The question of whether a rule relates to substantive law or practice and procedure is one which constantly arises. In State v. Garcia, 229 So.2d 236 (Fla. 1969), we said:
"`As related to criminal law and procedure, substantive law is that which declares what acts are crimes and prescribes the punishment therefor, while procedural law is that which provides or regulates the steps by which one who violates a criminal statute is punished. See State v. Augustine, 197 Kan. 207, p. 238, 416 P.2d 281 (1966).'
"We have said that `practice' means the method of conducting litigation involving rights and corresponding defenses, Skinner v. City of Eustis, 147 Fla. 22, 2 So.2d 116 (1941), or the manner in which the power to adjudicate or determine is exercised, Sheldon v. Powell, 99 Fla. 782, 128 So. 258 (1930). It has also been said that `practice' is the method of conducting litigation. Dadswell v. State ex rel. Phillips, 186 So.2d 274 (Fla.App.2d 1966).
"The entire area of substance and procedure may be described as a `twilight zone' and a statute or rule will be characterized as substantive or procedural according to the nature of the problem for which a characterization must be made. From extensive research, I have gleaned the following general tests as to what may be encompassed by the term `practice and procedure.'
"Practice and procedure encompass the course, form, manner, means, method, mode, order, process or steps by which a party enforces substantive rights or obtains redress for their invasion. `Practice and procedure' may be described as the machinery of the judicial process as opposed to the product thereof."
Although by rule this Court has allowed the granting of bail to be discretionary pending probation revocation, we note that courts have held that bail pending revocation of probation or parole is not a guaranteed constitutional right. In In re Matter of Whitney, 421 F.2d 337 (C.C.A.1, 1970), petitioner urged that he had a constitutional right to bail pending decision of his violation. To this contention the United States Court of Appeals, First Circuit, responded that petitioner has no such constitutional right and opined, inter alia, as follows:
"Bail developed in English law as a pre-trial institution designed to deal with problems peculiar to that stage of the criminal process. When an individual is formally charged with having committed a crime, society is faced with a dilemma. The appearance of the defendant for trial must be secured. Yet until the accused is proved guilty we are loathe to incarcerate him because of the possibility of thereby punishing an innocent man. While freeing the accused before trial may serve other ends, such as enabling him to assist in preparing his defense, the bail system is preeminently an attempt to reconcile the conflict between the presumption of innocence and the interests of society. Bandy v. United States, 81 S.Ct. 197, 5 L.Ed.2d 218 (Douglas, Circuit Justice, 1960); Stack v. Boyle, 342 U.S. 1, 72 S.Ct. 1, 96 L.Ed. 3 (1951); United States v. Motlow, 10 F.2d 657 (Butler, Circuit Justice, 7 Cir., 1926); 3 C. Wright, Federal Practice and Procedure: Criminal § 761; Note, Bail An Ancient Practice Reexamined, supra note 2; Comment, Right to Bail, 51 Mich.L.Rev. 389, 393 (1953); see Address *498 by Garrett H. Byrne, May 28, 1964, in Proceedings, National Conference on Bail and Criminal Justice 160, 171 (1964) [hereinafter cited as National Bail Conference]; Foote, The Coming Constitutional Crisis in Bail, supra note 2, at 965-89 (1965); address by Herman Goldstein, May 28, 1964, National Bail Conference 151, 156.
"Probation revocation is an entirely different stage of the criminal-correctional process. The probationer has been convicted of a crime, subjected to the sanctions prescribed by law, and has been granted conditional release in order to serve the interests of society. The interests which the government may protect at this stage of the process are properly much broader than before trial. Since a conviction has been obtained, for example, it is hardly unreasonable to use incarceration pending the revocation hearing to protect society against the possible commission of additional crimes by the probationer. There is no presumption of innocence in the probation revocation process, at least not in the sense in which the phrase is used with reference to the criminal process. Hence, when a probationer is incarcerated pending a hearing, the balance of interests is not the same as that involved in confining an accused who has not been found guilty. This is a fundamental distinction from the pre-trial stage which, in our view, renders the Eighth Amendment inapplicable. We therefore hold that the Eighth Amendment does not guarantee a right to bail pending revocation of probation."
In United States ex rel. Mason v. Amico, 360 F. Supp. 1344 (W.D.N.Y., 1973), the court construing Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), and quoting the following portion therefrom,
"Parole arises after the end of the criminal prosecution, including imposition of sentence... . Revocation deprives an individual, not of the absolute liberty to which every citizen is entitled, but only of the conditional liberty properly dependent on observance of special parole restrictions. 408 U.S., at 480, 92 S.Ct. at 2600."
concluded that the granting of bail to a suspected parole violator is not constitutionally required. The pronouncements of the aforestated federal cases are in accord with Morrissey v. Brewer, supra, wherein the Supreme Court of the United States found that due process required that the typical process of parole revocation include two stages, to-wit: the arrest and preliminary hearing to determine probable cause for retention and the revocation hearing, but also found that the revocation of parole is not part of criminal prosecution and the full panoply of rights due a defendant in such a proceeding does not apply to parole revocations, and are in accord with Gagnon v. Scarpelli, supra, wherein the Supreme Court extended its pronouncements in Morrissey to probation revocation proceedings but in addition determined that probation revocation like parole revocation is not a stage of criminal prosecution but does result in loss of liberty. See also State v. Shelby, 97 So.2d 631 (Fla.App. 1957).
The next issue for our determination is whether the procedure for revocation of probation established by Section 949.10, Florida Statutes, F.S.A., accords with the minimal due process requirements set out in Morrissey and made applicable to probation revocations through Gagnon.
The Supreme Court in Morrissey after acknowledging that a parolee is not entitled to the rights of a defendant in a criminal prosecution, announced that he was entitled to due process although additionally explicating that the concept of due process is flexible and that not all situations calling for procedural safeguards call for the same procedure. Turning to the process due a parolee, the Supreme Court set out what it considered to be the two *499 important stages of the typical parole revocation:
"[T]he first stage occurs when the parolee is arrested and detained, usually at the direction of his parole officer. The second occurs when parole is formally revoked. There is typically a substantial time lag between the arrest and the eventual determination by the parole board whether parole should be revoked. Additionally, it may be that the parolee is arrested at a place distant from the state institution, to which he may be returned before the final decision is made concerning revocation. Given these factors, due process would seem to require that some minimal inquiry be conducted at or reasonably near the place of the alleged parole violation or arrest and as promptly as convenient after arrest while information is fresh and sources are available. Cf. Hyser v. Reed, 115 U.S.App.D.C. 254, 318 F.2d 225 (1963). Such an inquiry should be seen as in the nature of a `preliminary hearing' to determine whether there is probable cause or reasonable grounds to believe that the arrested parolee has committed acts which would constitute a violation of parole conditions. Cf. Goldberg v. Kelly, 397 U.S. at 267-271, 90 S.Ct. at 1011.
......
"(b) The Revocation Hearing. There must also be an opportunity for a hearing, if it is desired by the parolee, prior to the final decision on revocation by the parole authority. This hearing must be the basis for more than determining probable cause; it must lead to a final evaluation of any contested relevant facts and consideration of whether the facts as determined warrant revocation. The parolee must have an opportunity to be heard and to show, if he can, that he did not violate the conditions, or, if he did, that circumstances in mitigation suggest the violation does not warrant revocation. The revocation hearing must be tendered within a reasonable time after the parolee is taken into custody. A lapse of two months, as the State suggests occurs in some cases, would not appear to be unreasonable.
"We cannot write a code of procedure; that is the responsibility of each State. Most States have done so by legislation, others by judicial decision usually on due process grounds. Our task is limited to deciding the minimum requirements of due process. They include (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a `neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole. We emphasize there is no thought to equate this second stage of parole revocation to a criminal prosecution in any sense; it is a narrow inquiry; the process should be flexible enough to consider evidence including letters, affidavits, and other material that would not be admissible in an adversary criminal trial." (Emphasis supplied)
In Gagnon, the Supreme Court summarized its ruling in Morrissey,
"Even though the revocation of parole is not a part of the criminal prosecution, we held that the loss of liberty entailed is a serious deprivation requiring that the parolee be accorded due process. Specifically, we held that a parolee is entitled to two hearings, one a preliminary hearing at the time of his arrest and detention to determine whether there is probable cause to believe that he has committed a violation of his parole and the other a somewhat more comprehensive hearing prior to the making of the final revocation decision."
*500 and determined that a probationer like a parolee is entitled to a preliminary and a final revocation hearing under the conditions specified in Morrissey.
The instant proceedings provided pursuant to Sections 949.10, 949.11, and 948.06 clearly accord with the mandates of Morrissey and Gagnon. As aforestated, prior to arrest for felony, probable cause that probationer has committed a felony must exist, and commission of a felony is clearly in violation of condition H of appellant's probation. The sole purpose of the preliminary hearing is to determine whether there is probable cause to believe that a probationer or parolee has violated the terms of his probation or parole.
Appellant asserts that ten days is not a reasonable time within the requisite of Morrissey that the revocation hearing be tendered within a reasonable time after the parolee is taken into custody. However, the Supreme Court stated in Morrissey that a lapse of two months which occurs in some cases would not appear to be unreasonable. Sub judice, appellant was given a full evidentiary hearing consistent with Morrissey and Gagnon, was represented by counsel, and was given the opportunity to confront and cross-examine witnesses.
Strict rules of evidence are not required to be observed in probation revocation hearings. Morrissey v. Brewer, supra; Gagnon v. Scarpelli, supra; Brill v. State, supra; McNeely v. State, supra.
Appellant argues sub judice that the trial court erred in denying his motion to strike all evidence obtained in that, he alleges, the search of his auto constituted an illegal search and seizure. Without reaching the propriety of the search and seizure at this point, we note that evidence which may not be admissible in an adversary criminal trial would be admissible in probation or parole revocation proceedings. Morrissey v. Brewer, supra. Specifically, this Court held in Brill v. State, supra, that even though certain evidence secured by search of accused's premises without a warrant and during his absence was illegally secured and was inadmissible at main trial for liquor violation, or at any trial for making moonshine liquor, trial court did not abuse his discretion in considering such evidence relative to the issue of whether a suspended sentence during good behavior should be revoked.
In State v. Shelby, supra, the District Court of Appeal, First District stated that in probation revocation proceedings,
"[T]he latitude of inquiry is such that even though evidence upon which the revocation is based would be inadmissible upon trial of the accused for a crime, it is competent for the trial court to consider it on the issue of compliance with the conditions under which suspension of sentence was granted. Section 948.06(1) simply provides for an informal hearing whereby the trial court may determine whether the conditions of the probation order have been violated. Caston v. State, Fla., 58 So.2d 694."
Sub judice, the trial judge did not abuse his discretion in considering the narcotic drug, and narcotics paraphernalia seized from appellant's automobile.
Appellant argues that the search and seizure of his automobile and his consequent arrest was illegal. Apparently, from the testimony produced at the hearing the narcotic drug was in plain view in appellant's automobile and the officers conducting the search recognized it to be contraband. With this evidence in hand there existed probable cause for arrest of appellant pursuant to Section 901.15, Florida Statutes. State v. Perez, 277 So.2d 778 (Fla. 1973); State v. Parnell, 221 So.2d 129 (Fla. 1969); Lindsey v. State, 184 So.2d 437 (Fla.App. 1966); Beacham v. State, 175 So.2d 796 (Fla.App. 1965); Cf. Alexander v. State, 108 So.2d 308 (Fla.App. 1959).
*501 We have carefully considered all other points raised by appellant in the instant cause and find them to be without merit.
On appeal of a probation revocation, the question is whether the lower court has abused its discretion. Proof sufficient to support a criminal conviction is not required to support a judge's discretionary order revoking probation. Manning v. United States, supra; Brill v. State, supra. This Court has held that a formal conviction of a crime is not essential to enable the judge to revoke an order of probation. Brill v. State, supra; See also Borges v. State, 249 So.2d 513 (Fla. 1971); Roberts v. State, 154 So.2d 695 (Fla.App. 1963). Specifically in State v. Cochran, supra, this Court opined:
"[6] Recurring now to the condition allegedly violated in the instant case, we find no requirement that a formal conviction must precede a determination that the condition has been broken. So-called `Condition H' merely provided that the offender shall live without violating any law. On the basis of an independent investigation and hearing a trial judge who has prescribed probation can determine whether a law has been violated. On the basis of such determination he is authorized to exercise the discretion which we have mentioned in deciding whether the violation justifies a revocation of probation."
All due process requisites to which appellant was entitled were accorded him; the evidence was sufficient to justify revocation; and the trial court did not abuse his discretion in revoking probation.
Accordingly the judgment of the trial court is affirmed.
It is so ordered.
ADKINS, BOYD, McCAIN and DEKLE, JJ., concur.
CARLTON, C.J., dissents.
ERVIN, J., concurring in part and dissenting in part with opinion.
ERVIN, Justice (concurring in part, dissenting in part):
The issues herein are simple:
I. Whether F.S. Section 949.10, F.S.A., is facially constitutional, and
II. Whether the trial judge erred in revoking appellant's probation.
Jurisdiction arises from the trial judge's denial of appellant's oral motion to dismiss revocation proceedings pursuant to Section 949.10 on constitutional grounds. Appellant properly contended then as now that Section 949.10 must be read in pari materia with Sections 949.11 and 949.12. I accept the facts as stated by the majority except to emphasize that appellant was not adjudicated guilty prior to being placed on probation and to add that all charges were nolle prossed after revocation was ordered.
Section 949.10 provides essentially that a subsequent felony arrest of a probationer constitutes prima facie evidence of probation violation, immediately revokes probation upon such arrest and denies the right to bail until hearing. Section 949.10 operates together with Sections 949.11 and 949.12. Section 949.11 requires a hearing within ten days of arrest and Section 949.12 denies bail prior to the hearing provided in Section 949.11.
First, as to Appellant's argument that Section 949.10 is unconstitutional for vagueness, I concur with the majority although I could not agree on the same ground as to another statute in Lindsey v. State, supra, cited by the majority as authority for upholding Section 949.10 here. I must also concur in the majority's observations as to the nature and purpose of probation.
Second, I agree with Appellant's argument that on the facts herein the combined effect of Section 949.10 together with Sections 949.11 and 949.12 deprives him of his constitutional right to bail. But I also agree with the majority, which declines to reach the issue of constitutionality *502 on the ground of denial of bail, in finding that so far as Section 949.10 deprives the court of its discretion in granting bail it is superseded by Rule 3.790, Fla.Cr.P.R. since rules of practice and procedure adopted by this Court supersede any legislation inconsistent therewith.
While the federal courts have held that denial of bail to a suspected probation violator is not violative of the federal constitution, the statute must also meet the test of the Florida Constitution which in Article I, Section 14 imposes a different standard:
"Bail. Until adjudged guilty, every person charged with a crime or violation of municipal or county ordinance shall be entitled to release on reasonable bail with sufficient surety unless charged with a capital offense or an offense punishable by life imprisonment and the proof of guilt is evident or the presumption is great." (Emphasis supplied.)
Section 949.10 provides for a probationer subject to the statute to "remain in custody until a hearing ..." Section 949.12 provides for temporary denial of bail to "any person whose probation has been temporarily revoked pursuant to § 949.10" (Emphasis supplied.) In the instant case Appellant was never adjudged guilty prior to being placed on probation and as such he never lost his civil rights and was still entitled to bail under the above constitutional provision. Yet he was not bailable under Sections 949.10 and 949.12. Without supersession by the rule of that part of Section 949.10 which would eliminate the discretionary element in granting bail, Section 949.10 as applied would fail the constitutional test and fall to higher authority. I would strike it down on other grounds, but if the statute stands it should be made clear that it must operate without denying bail with reference made to the discretion vested in the trial judge by Rule 3.790.
Third, I cannot agree with the majority that Section 949.10 meets the minimum due process requirements of Morrissey v. Brewer, supra, as made applicable to probation revocation by Gagnon v. Scarpelli, supra, or that such requirements were afforded Appellant here. As I read Morrissey and Gagnon, two revocation hearings are required, each with its own minimum requirements of due process. In Gagnon the United States Supreme Court unequivocally said:
"Accordingly, we hold that a probationer, like a parolee, is entitled to a preliminary and a final revocation hearing, under the conditions specified in Morrissey v. Brewer, supra." 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d, at 662.
With regard to the hearings themselves, the Court said:
"... At the preliminary hearing, a probationer or parolee is entitled to notice of the alleged violations of probation or parole, an opportunity to appear and to present evidence in his own behalf, a conditional right to confront adverse witnesses, an independent decision-maker, and a written report of the hearing. Morrissey v. Brewer, supra, 408 U.S. at 487, 92 S.Ct. 2593, 33 L.Ed.2d 484. The final hearing is a less summary one because the decision under consideration is the ultimate decision to revoke rather than a mere determination of probable cause, but the `minimum requirements of due process' include very similar elements:
"`(a) written notice of the claimed violations of [probation or] parole; (b) disclosure to the [probationer or] parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a "neutral and detached" hearing body such as a traditional parole board, members of which need not be judicial officers or *503 lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking [probation or] parole.' Morrissey v. Brewer, supra, 408 U.S. at 489, 92 S.Ct. 2593, 33 L.Ed.2d 484.
"These requirements in themselves serve as substantial protection against ill-considered revocation ..." 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d at 664.
Section 949.10, however, expressly preempts one of the two hearings the Supreme Court mandated as minimum requirements and by so doing, at least in this case, encourages "ill-considered revocation." The statute provides that a subsequent felony arrest of a probationer shall be prima facie evidence of the violation of the terms and conditions of such ... probation." (Emphasis supplied.) Yet Morrissey and Gagnon impose a preliminary hearing to establish whether there exists such evidence in arriving at a determination of probable cause as a prerequisite to detention of a probationer until a more formal final hearing can be held.
The majority reasons as follows:
Implicit in the language of Section 949.10, to-wit: subsequent arrest on a felony charge is that the arrest be lawful in accordance with Chapter 901, Florida Statutes, based on probable cause that the probationer or parolee has committed a felony or on a warrant buttressed by a judicial determination of probable cause. Florida law nowhere authorizes a mere arrest without probable cause."
Or, in effect, that probable cause sufficient for a felony arrest is sufficient to satisfy the preliminary hearing requirements of Morrissey and Gagnon. The argument fails when comparison is made between the prima facie evidence language of Section 949.10 and the probable cause inherent in a felony arrest on the one hand; the notice of alleged violations, opportunity to appear and present evidence, conditional right to confront adverse witnesses, an independent decisionmaker, and written hearing report, each of which the probationer is entitled to under Morrissey and Gagnon on the other. There are clear substantive as well as procedural differences which cannot be ignored and cannot be swept away by reliance on the state statute. The statute denies a probationer minimum due process as explicated in Morrissey and Gagnon and is therefore unconstitutional.
Fourth, assuming arguendo that due process does not require a preliminary revocation hearing, then the final and only revocation hearing afforded Appellant pursuant to Section 949.10 still fails to comply with the requirements of Morrissey and Gagnon. I have carefully examined the hearing transcript and find it inadequately satisfies element (f) as quoted above from Gagnon. Nowhere in the record is there a written statement as to the evidence relied on and the reasons for revoking probation. The transcript and the ruling of the trial court leave the reasoning as to its decision obscured. On this ground alone I would reverse the lower court for denial of due process in light of the requirements herein stated.

Issue II
I am compelled to find that the lower court erred in revoking Appellant's probation for failure of the state to sufficiently prove violation of Appellant's probation condition H, to wit: "Live and remain at liberty without violating the law." In arriving at this conclusion I have the benefit of hindsight which the trial judge did not have in noting that all charges on which Appellant was initially arrested or with which he was later charged were nolle prossed subsequent to probation revocation and re-sentencing on his prior plea of guilty to possession of LSD. Appellant's probation, however, was not later reciprocally reinstated and Appellant remains in *504 prison despite the lack of a subsequent conviction arising from the facts herein for violation of the law, the very condition of probation he was alleged to have violated. I cannot help but think revocation would not have occurred had all the above requirements of due process been observed, had Appellant been afforded a preliminary hearing, and had his final hearing been delayed until disposition of the charges pending against him, as contemplated in Morrissey and Gagnon.
Finally, I concur in the opinion of the majority that strict rules of evidence must not necessarily be observed in probation revocation hearings. It follows that the trial judge did not err in denying Appellant's motion to suppress the evidence admitted at the hearing on the ground that Appellant's initial arrest for aiding and abetting a public nuisance was illegal, which the record shows it may well have been, and therefore the search and seizure were illegal and the evidence obtained thereby inadmissible.
In summary, I do not find Section 949.10 void for vagueness, but I would find its provisions denying bail to a probationer who has not yet been adjudged guilty to be unconstitutional subject, however, to modification by Rule 3.790, which effectively reinstates the element of discretion into the revocation process pursuant to the statute. I would further find the statute fails to expressly provide for the minimum requirements of due process of Morrissey and Gagnon, and is thereby unconstitutional. I would find that the foregoing due process requirements were not accorded Appellant by denial of both a preliminary revocation hearing and a written statement setting forth the evidence relied on at the only hearing conducted and the reasons for revocation. I would reinstate Appellant's probation for failure to sufficiently prove violation of Appellant's probation conditions.
Accordingly, I would hold F.S., Section 949.10, F.S.A. unconstitutional and reverse Appellant's probation revocation.