PER CURIAM.
Appellant is challenging an order entered by the trial court revoking his probation and parole alleging that he was denied due process of law as guaranteed to him by the Fifth and Fourteenth Amendments of the United States Constitution, in that he was not provided a preliminary hearing prior to his final probation revocation hearing.
On January 28, 1972, appellant was charged with committing the crime of grand larceny. Counsel was furnished to appellant prior to arraignment, and a plea of not guilty was entered. Subsequently, appellant withdrew his not guilty plea and voluntarily entered a plea of guilty. On April 11, 1972, the trial court entered an order withholding adjudication of guilt and placed appellant on probation for a period of three years under the supervision of the Florida Parole and Probation Commission. On April 17, 1973, an affidavit of violation of probation was filed by a supervisor of the Florida Parole and Probation Commission charging appellant of having violated the conditions of his probation in a material respect by:
“Violating Condition (h) of his probation which reads, ‘Live and remain at liberty without violating any law’, in that on 4-13-72, aforesaid was charged with Assault with Intent to Commit Murder and on said day, aforesaid admitted his guilt to said charge to his probation officer.”
Two days later the trial judge, after entertaining an affidavit of insolvency, appointed the Public Defender of the Eighth Judicial Circuit to represent appellant in the revocation proceedings.
On April 30, 1973, a full evidentiary hearing on revocation of appellant’s pro *109 bation was held by the trial judge. Appellant was represented at this hearing by. a capable assistant public defender. The state proved that a charge of assault with intent to commit murder had been lodged against appellant. Appellant’s probation supervisor testified that appellant had told him on April 13, 1973,[1] at the Gainesville Police Department that:
"... [H]e went to Sunnyland Meat Packing Company at approximately 4 to 4:30 in the morning and that he was working at that company when he got into a scuffle with a gentleman in the company, who was also employed there, and another person broke up the scuffle and after the scuffle was broken up by the second person he left and went home to his residence where he got' a 12 gauge, sawed-off shotgun and returned to Sunnyland and as he was returning he advised that he saw the gentleman outside the fence who had broken up the scuffle. He said the gentleman who had broken up the scuffle was opening the trunk of the car and was pulling out a gun. He said at this time he took his 12 gauge, sawed-off from underneath his shirt and fired at the gentleman twice.”
Appellant did not take the stand, but from argument of counsel it appears that he will assert self-defense to the assault charges.
In revoking probation, the trial judge opined that the question before him was whether appellant had violated Condition (h) of his probation and that the evidence was conclusive that appellant was in possession of a sawed-off shotgun, which itself constitutes a violation of law. The court then adjudicated appellant guilty of the crime of grand larceny and imposed an indeterminate sentence of six months to three years.
The latest pronouncement we find upon the issue posed is our Supreme Court’s opinion in Oaks v. Wainwright.[2] There, Justice Ervin, speaking for the Court, outlined the extensive delay on the part of the Attorney General in replying to a writ of habeas corpus issued by that Court. Further, the Court concluded in Oaks that the Supreme Court of the United States held in Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) “. ’. . that a parolee is entitled to two hearings — one a preliminary hearing at the time of arrest and detention to determine whether there is probable cause to believe that he has committed a violation of his parole, and the other a somewhat more comprehensive hearing prior to the making of the final revocation decision.” However, the foregoing statement must be weighed along with the factual matters recited in Oaks, for unquestionably the parolee was not afforded elementary requisites of due process.“ And it was upon such a deficient record that our Supreme Court stated:
“Respondent [Wainwright] argues in his return that the procedural requirements enunciated in Morrissey are not absolute, particularly when a parolee admits violations of his parole. We find it unnecessary to decide this issue since the record reflects' that while Petitioner [Oaks] pleaded nolo contendere to the charge of drunkenness, he clearly did not admit to a parole violation, as the return implies, and had he been granted a preliminary hearing, he would have contested that very issue.”
The Supreme Court of the United States in Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), construed its Morrissey opinion as holding that a parolee be afforded due process prior to *110 revocation of his parole, and that due process contemplated two hearings — a preliminary hearing at the time of his arrest and “ a. somewhat more comprehensive hearing prior to the making of the final revocation decision.” The primary point resolved by the Court in Gagnon is that a parolee is not in every instance entitled to counsel in a revocation proceeding. Of significance in Gagnon is the fact that although the respondent had not been afforded counsel, a preliminary hearing, or a final hearing, the Court did not discharge him but to the contrary remanded to the trial court with leave for the state to conduct a “hearing”.
We now turn to the undisputed facts in the instant cause. Initially, appellant, after being furnished counsel, entered a plea of guilty of the crime of grand larceny. The trial court withheld adjudication of guilt and placed appellant on probation for three years provided that he, inter alia: “Live and remain at liberty without violating any law.” It is undisputed in this record that appellant did violate the law in returning to his home after the “scuffle” and procuring a sawed-off shotgun and returned to the scene where the “scuffle” had taken place. Unlike Oaks and Gagnon, appellant was promptly furnished counsel and promptly granted a full evidentiary hearing; a transcript of same appearing m the record before us. To hold that this appellant, under the undisputed facts appearing in this record, has been denied due process, in our opinion, would make a mockery of the law. We hold that appellant waived his right to a preliminary hearing in the instant revocation proceedings and, therefore, the judgment appealed is
Affirmed.
SPECTOR and JOHNSON, JJ., concur.

. The affidavit states 4-13-72; however, the record and testimony reveals this was a typographical error and the correct date is 4-13-73.

. Oaks v. Wainwright, Supreme Court Case No. 43,784. Opinion filed December 20, 1973, not yet reported. In addition, see Bernhardt v. State, Fla., 288 So.2d 490. Opinion filed January 9, 1974.