ERVIN, Justice
(dissenting) :
The facts of this case are essentially as follows:
While on parole from a felony conviction, appellee was arrested pursuant to two informations alleging forgery. Bail was then set. On the day following his arrest, however, the order setting bail was rescinded by direction of the Florida Parole and Probation Commission on the authority of Section 949.10, 949.11, and 949.12, Florida Statutes. Appellee then sought and obtained a writ of habeas corpus pursuant to which the circuit court entered an order holding Section 949.10 unconstitutional in that it did not allow appellee to be admitted to bail pending the ten-day statutory period for a revocation hearing, contrary to Article I, Section 14, Florida Constitution, which reads as follows :
“Until adjudged guilty, every person charged with a crime or violation of municipal or county ordinance shall be entitled to release on reasonable bail with sufficient surety unless charged with a capital offense or an offense punishable by life imprisonment and the proof of guilt is evident or the presumption is great.”
The majority here deems this Court’s decision in Bernhardt v. State (Fla.1974), 288 So.2d 490, conclusive of the constitutional issue presented. I dissented in Bernhardt and would have struck down Section 949.10, F.S. under the facts of that case on either of two grounds, one of which was that it denied appellant there, a probationer, his constitutional right to bail under Article I, Section 14, since he had never been adjudged guilty prior to being placed on probation. I also noted in that case, as did the majority, that insofar as Section 949.10 purported to deprive the court of its discretion in determining whether bail should be granted, it was superseded by Rule 3.790, Fla.Cr.P.R., since rules of practice and procedure adopted by this Court supersede any legislation in that area inconsistent therewith.
In the instant case appellee is a parolee, not a probationer as in Bernhardt, and can derive no benefit from Rule 3.790. For the present, I reserve judgment on the question of whethei Section- 949.10 is unconstitutional as applied to a parolee in that it deprives him of his constitutional right to bail under Article I, Section 14, except to note that the distinction between a parolee and a probationer in this setting is not particularly appealing. I might add that this Court’s decision in Blackburn v. Jackson (Fla.1954), 74 So.2d 80, in which we recognized the exclusive discretion given the Parole and Probation Commission by Section 947.22, Florida Statutes, in granting bail to parole violators is by no means controlling on the constitutional issue.
Rather, I take this opportunity to renew the position I took in Bernhardt and subsequently in Genung v. Nuckolls (Fla.1974), 292 So.2d 587, with regard to Section 949.-10 and to emphasize what I consider its most serious constitutional invalidity.
In Morrissey v. Brewer (1972), 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484, the *3 United States Supreme Court mandated that the minimum requirements of due process of law entitled a parolee incarcerated for an alleged violation of parole to two parole revocation hearings — one in the nature of a preliminary hearing to determine whether there is probable cause or reasonable grounds to believe that the parolee has violated his parole conditions, and a second more comprehensive hearing prior to the making of a final revocation decision. In Gagnon v. Scarpelli (1973), 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656, the U.S. Supreme Court extended this due process protection to probationers as well, which was the subject of this Court’s decisions in Bernhardt and Genung. See Comment, 2 Fla.St.U.L.Rev. 340 (1974).
In Bernhardt the majority reasoned that the probable cause sufficient for the subsequent felony arrest necessary under Section 949.10 was sufficient to satisfy the preliminary hearing requirements of Mor-rissey and Gagnon. To this reasoning I strongly disagreed, stating:
“The argument fails when comparison is made between the prima facie evidence language of Section 949.10 and the probable cause inherent in a felony arrest on the one hand; the notice of alleged violations, opportunity to appear and present evidence, conditional right to confront adverse witnesses, an independent decision maker, and written hearing report, each of which the probationer is entitled to under Morrissey and Gagnon on the other. There are clear substantive as well as procedural differences which cannot be ignored and cannot be swept away by reliance on the state statute. The statute denies a probationer minimum due process as explicated in Morrissey and Gagnon and is therefore unconstitutional.” 288 So.2d at 503.
In this Court’s subsequent decision in Genung, also involving a probationer, the majority rejected the constitutional attack on Section 949.10 presented there but went on to note:
“By way of caveat, although not contested by the parties in the instant cause, we note that Rule 3.131, Florida Rules of Criminal Procedure, must be complied with to afford a defendant a preliminary hearing as to the new felony charge which was the basis for an arrest and the basis for an alleged parole violation. The preliminary hearing is essential, unless, as the rule indicates, a defendant is charged by an information or indictment, to assure that an accused does not languish in jail for ten days before probation revocation hearing on what could turn out to be a felony charge without probable cause.” 292 So.2d at 588-589.
In the present case appellee-parolee’s subsequent felony arrest was pursuant to information. Hence here not only is ap-pellee deprived of a preliminary hearing as to his alleged parole violation mandated by Morrissey and Gagnon, but under Rule 3.-131 he is likewise not entitled to a preliminary hearing as to the new felony charge, which under the majority’s reasoning in Bernhardt, supplies- the probable cause sufficient to satisfy Federal due process requirements and justifies appellee’s continued detention. I find this result totally unacceptable and clearly contrary to the constitutionally mandated dual hearing procedure enunciated by the United States Supreme Court in Morrissey and Gagnon. Further, as noted by the Supreme Court in Morrissey :•
“The parolee is not the only one who has a stake in his conditional liberty. Society has a stake in whatever may be the chance of restoring him to normal and useful life within the law. Society then has an interest in not having parole revoked because of erroneous information or because of an erroneous evaluation of the need to revoke parole, given the breach of parole conditions. [Citations omitted.] And society has a further interest in treating the parolee with basic fairness: fair treatment in parole revocations will enhance the chance of rehabilitation by avoiding reactions to arbi- *4 tranness.” (Emphasis supplied.) 408 U.S. at 484, 92 S.Ct. at 2602.
Accordingly, I would affirm the Circuit Court in holding Section 949.10 unconstitutional but on the due process grounds previously discussed. I would further allow appellee to be discharged from custody upon making bail as set by the lower court based on the subsequent felony charges subject to later revocation of parole if the requirements of Morrissey were met.