JOHNSON, Judge
(dissenting):
I respectfully dissent from the majority opinion in this cause upon my belief that due process of law was afforded appellant throughout the entire proceedings in this cause.
The record indicates that on November 4, 1971, a four-count information was filed against appellant charging him with breaking and entering with intent to commit a felony, kidnapping and two counts of assault and battery. Appellant entered a plea of guilty to the assault and battery charges and on December 30, 1971, Judge Everett Richardson entered an Order withholding adjudication of guilt and placing appellant on probation for a period of five years. Among the conditions of his probation were that he “(e) In all respects live honorably . . .” and “(f) Neither carry nor own any weapons without first securing the consent of the Probation Supervisor.”
On January 4, 1974, appellant was arrested and charged with murder in the first-degree. According to the police report, appellant shot the victim with a small *308 caliber firearm. On January 10, 1974, Judge Richardson issued a Rule to Show Cause commanding appellant to appear on January 24, 1974, to show cause why his previous order of probation should not be revoked and vacated. Appellant was personally handed a copy of said Rule. Although the record itself does not reflect what happened to the January 24th hearing on the Rule to Show Cause, a letter from Mr. Robert B. Horner, who ably represented appellant in his murder trial, (said letter being attached to a previous motion filed in this case), indicates that Mr. Horner requested the trial judge to defer action on the Rule until the murder case was disposed of.
Appellant was tried for second-degree murder on February 19 and 21, 1974, and the jury returned a verdict of not guilty. Following said jury trial, Judge Richardson announced that he found, based upon the evidence that he heard during appellant’s murder trial, that appellant had violated the terms of the probation imposed in 1971. Judge Richardson stated that he believed the evidence adduced during trial that appellant was carrying a pistol and that such constituted a violation of his probation. The trial court then revoked and rescinded appellant’s probation and sentenced him to one year on each of the assault and battery charges, the two terms to run consecutively. The transcript of this stage of the proceedings indicates that no objection was then raised by appellant or his counsel.
On March 22, 1974, appellant’s privately retained counsel, Mr. Horner, served notice that appellant desired to appeal, but requested that he be permitted to withdraw as attorney of record. The Office of the Public Defender was then appointed to represent appellant in this appeal. Notice of appeal was timely filed and the Assignments of Error filed by the Assistant Public Defender alleged that the trial court had erred in refusing to grant appellant’s motions for judgment of acquittal made during the murder trial. Several days later, the Assistant Public Defender filed amended Assignments of Error contending that the trial court abused its discretion in revoking appellant’s probation based upon the evidence submitted at the trial.
Based upon the above factual circumstances, I firmly believe that appellant was afforded the fundamental requirements of due process of law. Appellant was personally served with the Rule to Show Cause why his probation should not be revoked. The Rule set forth the facts upon which it was based, i. e., appellant’s arrest for the shooting of the deceased. The Rule gave notice of a separate hearing to be held fourteen days later. His own counsel requested the trial court to defer action on the Rule until after the murder trial. This is exactly wiiat was done. The transcript of the murder trial is replete with evidence that appellant, violated the terms of his probation and the trial judge properly so found. The record as a whole, as outlined above, clearly illustrates that appellant and his attorney viewed the probation revocation proceedings and the murder charges and trial as one continuous, interrelated proceeding. It also appears from the first Assignments of Error filed that the Assistant Public Defender, as well, considered the proceedings surrounding the probation revocation as a part of the proceedings surrounding the murder charge.
This writer cannot understand how such revocation proceedings, held immediately after appellant’s trial when the testimony was fresh in the minds of everyone concerned, could have deprived appellant of due process of law. Appellant had actual notice of the Rule to Show Cause, he knew a revocation hearing was pending, he was represented by counsel at the time of revocation and he certainly knew that carrying a weapon was a violation of the terms of his probation. During the trial, appellant had the opportunity to cross-examine adverse witnesses and to present witnesses and evidence in his own behalf. The fact that he was acquitted on the murder charge has no bearing on the charge that he violated his probation. Proof sufficient *309 to support a criminal conviction is not required to support a judge’s discretionary-order revoking probation. Bernhardt v. State, 288 So.2d 490 (Fla.1974). I can find no deprivation of due process in the fact that the trial court treated the trial as the hearing also, especially since counsel for appellant requested that such hearing be delayed until after the trial.
I would affirm the order revoking probation and the judgment and sentence entered thereafter.