ON PETITION FOR REHEARING
PER CURIAM.
We initially reversed the trial court’s decision which revoked appellant’s probation. We did so on the basis that he was denied a preliminary hearing.
The state has petitioned for rehearing, emphasizing certain facts we overlooked. Based on the following factual situation we affirm his revocation of probation. An information was filed against the appellant on May 17, 1974, charging him with the felony of breaking and entering with intent to commit petit larceny. On June 6, 1974, a not guilty plea was entered to this charge. The appellant was released on bail. Thereafter on June 14, 1974, an affidavit for violation of probation was issued alleging as the violation of probation the failure of the appellant to live honorably in that he broke and entered a certain building, the same building and the same date as alleged in the information. A hearing on the probation violation, pursuant to § 949.11, F.S., was held June 24, 1974. On August 23, 1974, an evidentiary hearing was held at which time appellant’s probation was revoked. The foregoing sequence of events sufficiently complies with the provisions of §§ 949.10 and 949.11, F.S. Compliance is indicated by the fact that the information and affidavit for violation of probation both charged the same offense, § 949.10, F.S., and the fact that appellant received a hearing within ten days of his probation violation arrest, § 949.11, F.S.
These statutory provisions comply with the requirements of Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972); Bernhardt v. State, 288 So.2d 490 (Fla.1974), and therefore we hold that appellant’s probation was properly revoked.
*769 We withdraw our initial opinion dated March 7, 1975, in favor of what we have here said.
Affirmed.
WALDEN, CROSS and DOWNEY, JJ., concur.