Julian R. Hanley, J.
Petitioner had a parole revocation hearing before the Parole Board on January 11, 1972 and was held for an additional 15 months’ imprisonment. No reasons were given for the decision.
At the hearing, the board simply presented petitioner with a list of charges alleging violations of his parole conditions and, in effect, asked him to explain the charges against him. The prisoner denied the charges and, through his counsel, asked the board to present the evidence against him. Counsel cited to the board the various cases and legal authorities requiring the board to present evidence.
In spite of this request, the board refused to do this, summarily found him guilty of violating his parole and assessed an additional 15 months’ imprisonment against him.
On June 29, 1972, the United States Supreme Court in Morrissey v. Brewer (408 U. S. 471) held that a parole board in order to revoke a parole, must follow due process of law and listed the exact steps necessary for the board to follow. Among other things, the prisoner must first be given a preliminary hearing at the locality of his arrest to determine if there is sufficient cause to hold him for a revocation hearing before the board. There was no such preliminary hearing here.
Due process also requires, that at the revocation hearing itself, the board must produce evidence against the prisoner and he must have the right to confront the witnesses against him and to cross-examine them. Here the board flatly refused to do this. In effect, their procedure was to say, “Here are the charges against you. Go ahead and explain them.” There being no explanation on the part of the accused, he was found guilty and sentenced to prison.
Lastly, the board made no statement as to the evidence they relied on to reach their conclusion nor did they give any reasons for revoking his parole.
In the Morrissey decision itself, the Supreme Court said nothing about its application retroactively. However, New York has a precedent for this in the parallel situation outlined in People ex rel. Maggio v. Casscles (28 N Y 2d 415). There the court held that, in the matter of providing counsel at a parole revocation hearing (People ex rel. Menechino v. Warden, 27 N Y 2d 376), the rule should be applied retroactively on a selective basis and relief given “ to those who can demonstrate *909 * * * that the determination made at the revocation hearing failed to meet due process standards.” {supra, pp. 417, 418).
This petitioner received anything but due process at the hands of the Parole Board. Even a rudimentary sense of justice impels the application of the Morrissey due process rules retroactively to this petitioner’s situation. His hearing was relatively near in point of time to the Morrissey decision. What was due process in June of 1972 was also such on January of that same year. Due process itself is so fundamental that there should be no judicial hesitancy in applying it retroactively to the proper cases.
Also, this is quite different from attempting to apply a new rule, such as Miranda, to a past crime where the effect would be to wipe out old convictions. We are not concerned here with freeing a criminal from a prior conviction by invoking a new court ordered rule. This petitioner was a man that the State itself had determined was safe to be turned out into society and had released him on parole. Applying the rule of Morrissey to his case does not forgive his basic crime in any way, but simply will put him back on the street on parole where the State had originally said he should be.
Sending petitioner back to parole for a new hearing is not the answer to the problem. This court’s experience with ordering new parole hearings after Menechino showed either a reluctance or an inability on the part of parole to comply with any reasonable promptness in granting new hearings. Also, under Morrissey, the State would have to start to comply by first holding a preliminary hearing at the place where the alleged violation took place and then a second full hearing before the Parole Board. Delays on a new parole hearing would necessarily have to run into months. Meanwhile, petitioner would remain in jail, for there is no way for him to be released on bail pending a parole hearing. (People ex rel. Little v. Monroe, 38 A D 2d 398.)
Petitioner has not committed any new crime while on parole. He simply finds himself reimprisoned on unproved charges that he did not follow the rules of conduct prescribed by the parole authorities while he was under their jurisdiction.
The only fair thing to do is to restore petitioner to parole under the same restrictions and conditions of parole as they existed before the alleged violation.
Therefore, petitioner is to be released from prison and is to be restored immediately to parole under the conditions existing at the time of his original release.