Richard M. Rosenbaum, J.
Petitioner, Robinson, upon adjudication as a youthful offender was sentenced on June 3, 1968 to a term of four years at Bedford Hills Reformatory. On June 17, 1969 she was paroled, thereafter recommitted and subsequently reparoled on March 23, 1972. Petitioner Calloway, was adjudicated a youthful offender and sentenced on March 19, 1971 to a term of four years at Bedford Hills. She was paroled on June 9, 1972. Petitioners bring this habeas corpus proceeding to obtain their release from custody after having been arrested on detention warrants for parole violation, petitioner Robinson on June 12, 1972 and petitioner Calloway on June 26, 1972.
At the oral argument, this court made a preliminary order, ordering that the Parole Board conduct a preliminary hearing by August 8, 1972 subject to certain rules, to determine whether there was probable cause to believe petitioners had violated their conditions of parole. Included in the rules outlined by the court was the requirement that the hearing officer make a written report including a summary of the evidence presented at the hearing, a statement of the evidence relied on and the reasons for whatever determination was made. The petitioners’ request for counsel at the preliminary hearing was denied. The rules also required notice be given to petitioners and their attorneys of the date, time, place and purpose of the preliminary hearing.
Pursuant to the preliminary order, notice was given to both petitioners in writing on August 3, 1972 that their preliminary hearings were scheduled for August 4, 1972. Both petitioners were present at their preliminary hearing and after taking testimony, the Parole Officer by written decision found probable cause that each parolee had violated her conditions of parole and that she should be detained pending a parole revocation hearing. In the Calloway ease, the petitioner and her Parole Officer testified. In the Robinson case, the petitioner, her Parole Officer and her mother testified.
Petitioners both contend that the recent Supreme Court case of Morrissey v. Brewer (408 U. S. 471) entitles them to specific *812 fundamental minimum due process rights which they claim were denied in this case. Petitioners further contend that they were entitled to certain other due process rights which although not specifically mandated by the Morrisey case, are expressed or implied by other court decisions. Petitioners contend therefore that the decision issued by the preliminary hearing officer be vacated and the parole violation warrants dismissed and the petitioners restored to parole or in the alternative that the decisions be vacated and new preliminary hearings be held and that petitioners be released on bail.
Although the Morrissey case did not specifically discuss its application retroactively, this court shall decide these cases on the basis of the principles set forth therein. (See People ex rel. Van Burkett v. Montanye, 70 Misc 2d 907.)
Petitioners contend that they were entitled to be represented by a lawyer at the preliminary hearing. Respondent contends that since the issue was not raised in the petition it is untimely and in any event petitioners have no legal right to counsel at the preliminary hearing stage. The issue was properly raised despite its absence from the petition since the court considered it during the oral argument and in fact denied petitioners’ request for counsel in the preliminary order. This court’s denial of counsel in that order was based on existing law. Neither the Legislature of this State nor any court of the State has yet held that a parolee is entitled to counsel at a preliminary hearing concerning parole revocation. The fact that People ex rel. Menechino v. Warden, Green Haven State Prison (27 N Y 2d 376) was decided before the Morrissey case, does not mean that its holding can automatically be extended to provide counsel at the preliminary hearing. Certainly the Morrissey case specifically failed to rule on this point. The court rejects petitioners ’ argument that that court failed to rule because the issue was not within the grant of certiorari. The fact is that the court was just not prepared to go that far in its enunciation of minimum due process rights to be accorded to parolees. Neither is this court.
Petitioners’ next claim is that they were not accorded sufficient notice of the time and date of the preliminary hearing and that this was prejudicial to the presentation of their case. Written noice was given to petitioners on August 3, 1972, the day before the hearings. It cannot be said categorically that this was insufficient notice. The preliminary order of this court *813 did not state that notice had to be given at any particular time. Furthermore, petitioners and their counsel were on notice as early as the date of oral argument, July 25, 1972 that they would be afforded a preliminary hearing before August 8, 1972. At that time, they had been served a copy of respondent’s answer and return which contained copies of the parole violation reports. Between that date and August 4, 1972 petitioners with the help of their counsel could have adequately prepared their case and arranged for witnesses to appear on their behalf,, If the witnesses had been properly alerted they could have been made available at the stated time and the fact that actual written notice was not given to petitioners until the day before the hearing would have .made no difference. It would not have been necessary to subpoena petitioners’ witnesses for the hearing.
Petitioners were not denied the right to cross-examine adverse witnesses at the preliminary hearing. The only other persons besides the Parole Officer that this court can find had given adverse information are members of the petitioners’ own family. It appears from the record that petitioner Robinson’s mother was a person who had given adverse information and she appeared at the hearing and testified. She could have been cross-examined by petitioner, Robinson. To say that members of the parolee’s own family must be produced and made available by the Parole Officer when such persons are ostensibly under greater control and influence of the parolee is to reject the realities of the situation. The parolee should not be heard to complain when she in fact failed to produce those family members to testify on her behalf.
The law is clear that parolees who are arrested and incarcerated pending parole violation hearings are not entitled to bail. (People ex rel. Little v. Monroe, 38 A D 2d 398; People ex rel. Gatti v. Amico, 39 A D 2d 826, mot. for lv. to app. den. 30 N Y 2d 955.)
This court, of course, feels bound by these precedents. It would be for the Legislature’s consideration to create such a right to bail in this kind of case. Therefore, application for bail pending the parole revocation hearing must be denied.
Petitioners’ other arguments concerning failure to give Miranda warnings to petitioners, and that the violations found by the Parole Officer were trivial and not sufficient to warrant a full hearing are without merit.
This court was very careful to make sure that the preliminary order edntained all the safeguards that were outlined in the *814 Morrissey case. It feels sure that from an examination of this record that those safeguards were followed.
We must keep in mind that we are dealing here with people who have been convicted of a crime. There is no presumption of innocence attached. That presumption has long since disappeared. In its place we have criminals who now seek to enjoy the same privileges that they enjoyed before they were adjudicated such. In the view of this court there are already too many privileges afforded convicts and too little protection afforded their victims. Deplorably crime seems to have become somewhat fashionable and in some cases almost encouraged. Punishment only comes, if ever, after a series of hurdles are overcome that test the endurance of law enforcement personnel beyond reason.
This court will not be a party to further encouragement. The People have a vital interest if not a vested one in being able to see that a convict is returned to prison without the burden of a new trial if he has violated the conditions of his parole.
Both petitions are dismissed and the Board of Parole is directed to proceed as soon as possible with the scheduling of the parole revocation hearings.