292 So.2d 587 (1974)
Donald S. GENUNG, Etc., Appellant,
v.
Martha Jane NUCKOLLS, Appellee.
No. 43789.
Supreme Court of Florida.
February 6, 1974.
Rehearing Denied April 26, 1974.
Robert L. Shevin, Atty. Gen., and A.S. Johnston, Asst. Atty. Gen., for appellant.
Robert W. Pope, of Pope, Labarbera & Sabella, St. Petersburg, for appellee.
ROBERTS, Justice.
This cause is before us on direct appeal from the Circuit Court for Pinellas County to review an order directly passing on the constitutionality of Section 949.10, Florida *588 Statutes, F.S.A. We have jurisdiction pursuant to Article V, Section 3(b)(1), F.S.A.
Appellee, who had been previously found guilty of a felony and had been placed on probation, was subsequently rearrested and charged with a subsequent felony charge. Petition for writ of habeas corpus was filed on her behalf in the trial court. The trial judge entered an order granting the petition for writ of habeas corpus, discharging appellee from custody imposed by reason of Section 949.10, Florida Statutes, F.S.A., and holding Section 949.10 unconstitutional on the basis that said statute violates the separation of powers doctrine of the State of Florida.
In Bernhardt v. State, 288 So.2d 490 (Fla. 1973), this Court has upheld the constitutionality of the questioned statute against attacks of vagueness and violation of due process. Sub judice, the constitutionality vel non of Section 949.10, Florida Statutes, F.S.A., is questioned on the grounds that it is a mandatory revocation of probation by legislative act and constitutes a legislative invasion upon functions exclusively vested in the judiciary. This is clearly not the case. Section 949.10, Florida Statutes, F.S.A., which provides:
"Subsequent felony arrest of felony parolee or probationer prima facie evidence of violation.  The subsequent arrest on a felony charge, in this state, of any person who has been placed on parole or probation following a finding of guilt of any felony, or a plea of guilty or nolo contendere to any felony, shall be prima facie evidence of the violation of the terms and conditions of such parole or probation. Upon such arrest the parole agreement or probation order shall immediately be temporarily revoked, and such person shall remain in custody until a hearing by the parole and probation commission or the court."
must be read in pari materia with Sections 949.11, 949.12, and 948.06, Florida Statutes, F.S.A., which provide the proceedings requisite to revocation of probation.
Furthermore, in Bernhardt, this Court explained that Rule 3.790, Fla.Cr.P.R., 33 F.S.A., supersedes Section 949.10 with regard to the trial court's discretionary power to grant bail although we also note that a probationer or parolee does not have a constitutional right to bail in probation or parole revocation proceedings. In Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), the Supreme Court of the United States stated,
"Parole arises after the end of the criminal prosecution, including imposition of sentence. Supervision is not directly by the court but by an administrative agency, which is sometimes an arm of the court and sometimes of the executive. Revocation deprives an individual not of the absolute liberty to which every citizen is entitled, but only of the conditional liberty properly dependent on observance of special parole restrictions."
and further stated in relation to the process due in revocation of parole [or probation  see Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973)], that "[T]he granting and revocation of parole are matters traditionally handled by administrative officers."
For the aforegoing reasons, we find that Section 949.10, Florida Statutes, F.S.A., is not unconstitutional.
By way of caveat, although not contested by the parties in the instant cause, we note that Rule 3.191, Florida Rules of Criminal Procedure, must be complied with to afford a defendant a preliminary hearing as to the new felony charge which was the basis for an arrest and the basis for an alleged parole violation. The preliminary hearing is essential, unless, as the rule indicates, a defendant is charged by an information or indictment, to assure that an accused does not languish in jail for ten days before probation revocation hearing *589 on what could turn out to be a felony charge without probable cause.
Additionally, appellee argues that the lower court did not err as a matter of law in discharging her since Section 949.10, which provides that a probationer must have been found guilty of a felony or have plead guilty or nolo contendere to a felony, should not apply to her. In effect, she argues that in order to be found guilty one must be adjudicated guilty and that adjudication of guilt or a plea of guilty or nolo contendere is a condition precedent to the application of Section 949.10. To the contrary, Section 949.10 states that it applies to one who has been found guilty not necessarily one who has been adjudicated guilty. Section 948.01, Florida Statutes, F.S.A., specifically provides:
"When courts may place defendant on probation.  (1) Any court of the state having original jurisdiction of criminal actions, where the defendant in a criminal case has been found guilty by the verdict of a jury or has entered a plea of guilty or a plea of nolo contendere or has been found guilty by the court trying the case without a jury, except for an offense punishable by death, may at a time to be determined by the court, either with or without an adjudication of the guilt of the defendant, hear and determine the question of the probation of such defendant." (emphasis supplied)
Accordingly, for the aforegoing reasons, we reverse the order of the trial judge finding Section 949.10 to be unconstitutional and discharging the appellee, and remand this cause to the trial judge for further proceedings consistent with the views herein expressed.
It is so ordered.
ADKINS, McCAIN and DEKLE, JJ., concur.
ERVIN, J., dissents with opinion, in which CARLTON, C.J., and BOYD, J., concur.
ERVIN, Justice (dissenting):
I must dissent from the opinion of the majority as to the constitutionality of F.S. Section 949.10, F.S.A., on the ground of denial of due process of law pursuant to the mandate of the United States Supreme Court in Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), which made applicable to probation revocation the minimum due process requirements of Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972).
In my dissent filed in Bernhardt v. State, 288 So.2d 490 (Fla. 1973), I noted that Gagnon establishes minimum requirements of two probation revocation hearings  one a preliminary hearing at the time of arrest and detention to determine whether there is probable cause to believe the probationer has violated his probation, and the other a more comprehensive hearing prior to the final revocation decision. Each of these hearings then has its own minimum due process requirements spelled out in Gagnon which may only be intelligently and voluntarily waived by the probationer. Section 949.10 operates together with Sections 949.11 and 949.12 to preempt the preliminary hearing imposed as an essential minimum requirement by Gagnon, and as such it is clearly unconstitutional.
Accordingly, I would affirm the trial judge in holding the statute unconstitutional, but on the ground stated rather than as a legislative invasion upon functions exclusively vested in the judiciary, and discharge the appellee from custody. I note, however, that so holding would not preclude revocation of appellee's probation for good cause pursuant to F.S. Section 948.06, F.S.A., provided the minimum due process safeguards of Gagnon were observed.
CARLTON, C.J., and BOYD, J., concur.