PER CURIAM.
This cause is before us on direct appeal to review the order of the Circuit Court in and for Osceola County holding Section 949.10, Florida Statutes, to be unconstitutional in that it did not allow petitioner to be admitted to bail. This order was entered prior to this Court’s decisions in Bernhardt v. State, 288 So.2d 490 (Fla.1974), and Genung v. Nuckolls, 292 So.2d 587 (Fla.1974). Since the trial court passed directly on the constitutionality of a state statute, we have jurisdiction pursuant to Article V, Section 3(b)(1), Constitution of Florida.
The order of the trial court only insofar as it determines that Section 949.10 is unconstitutional is reversed on the authority of this Court’s recent decisions in Bernhardt v. State, supra, and Genung v. Nuckolls, supra, wherein we upheld the *2 constitutionality of said statute, cf. Morrissey v. Brewer, 408 U.S. 471, 480, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), In Re Matter of Whitpey, 421 F.2d 337 (C.C.A. 1, 1970), United States ex rel. Mason v. Amico, 360 F.Supp. 1344 (W.D.N.Y.1973), United States ex rel. Dereczynski v. Longo, 368 F.Supp. 682, 688 (N.D.Ill.1973), see People ex rel. Van Burkett v. Montanye, 70 Misc. 2d 907, 335 N.Y.S.2d 196 (1972), and People ex rel. Little v. Monroe, 38 A.D.2d 398, 330 N.Y.S.2d 221 (1972), and this cause is remanded for further proceedings not inconsistent herewith.
It is so ordered.
ADKINS, C. J., and ROBERTS, BOYD McCAIN and DEKLE, JJ., concur.
ERVIN, J., dissents with opinion.