OVERTON, Justice.
This is an appeal from a circuit court order, in a habeas corpus proceeding, declaring unconstitutional Sections 949.10, 949.11, and 949.12, Florida Statutes (1973).[1] These statutes relate to a probationer’s or parolee’s subsequent arrest for a felony, the evidentiary effect of such arrest, and revocation hearing procedure.
The appellee, Lee, was convicted and sentenced in March of 1971 for breaking and entering. He was paroled in February, 1973, but in November, 1973, he was arrested and charged with breaking and entering, and grand larceny. Appellee filed a petition for writ of habeas corpus in the circuit court, raising his detention under the aforementioned statutes as the sole issue. By the time of the hearing, ap-pellee was being held pursuant to a warrant for retaking a paroled prisoner under the provisions of Chapter 947, Florida Statutes. Consequently, the appellants asserted the constitutional issue was moot. The trial judge remanded the appellee to custody pursuant to the warrant for retaking a paroled prisoner. In his order, the trial judge also declared Sections 949.10, 949.11, and 949.12, Florida Statutes (1973), *198 unconstitutional on the grounds that they violated the due process provisions of the state and federal constitutions. Further, the trial judge enjoined the Florida Parole and Probation Commission from applying these statutes to any proceedings brought pursuant to Chapter 947, Florida Statutes, and enjoined the application of these statutes to all cases "pending or hereafter instituted by the Florida Parole and Probation Commission” in the Eighth Judicial Circuit pending judicial review by a court of superior jurisdiction.
Subsequent to the trial court’s order in December, 1973, this Court specifically upheld the constitutionality of the subject statutes in Genung v. Nuckolls, 292 So.2d 587 (Fla.1974), and Bernhardt v. State, 288 So.2d 490 (Fla.1974). No new issues are presented here.
We reverse the holding of the trial judge declaring Sections 949.10, 949.11, and 949.12, Florida Statutes (1973), unconstitutional, and reaffirm our holdings in Genung v. Nuckolls and Bernhardt v. State, supra.
It is so ordered.
ADKINS, C. J., and ROBERTS, BOYD and SUNDBERG, JJ., concur.
HATCHETT, J., concurs with opinion.

. We have jurisdiction. Art. V, § 3(b)(1), Fla.Const.