370 So.2d 856 (1979)
George Russel BENNINGTON, Petitioner,
v.
Verne C. THORNTON, Jr., Administrator of the Broward County Jail, Respondent.
No. 79-1003.
District Court of Appeal of Florida, Fourth District.
May 10, 1979.
Rehearing Denied May 23, 1979.
Paul M. Rashkind of Sams, Gerstein & Ward, P.A., Miami, for petitioner.
No appearance for respondent.
MOORE, Judge.
Petitioner seeks our writ of habeas corpus contending that he is illegally detained. The petition and the appendix thereto show that petitioner was placed on probation on June 28, 1977. When his whereabouts became unknown to his probation supervisor on or about February 1, 1978, a warrant for petitioner's arrest for violation of probation was issued by the Circuit Court of the Seventeenth Judicial Circuit on March 2, 1978. *857 Petitioner was thereafter arrested in Citrus County, Florida, on April 23, 1979, pursuant to the Seventeenth Judicial Circuit warrant for his arrest. It is the contention of petitioner that he, pursuant to Section 949.11, Fla. Stat. (1977), was entitled to a hearing within ten (10) days from the date of such arrest. We disagree.
The hearing required under Section 949.11 is applicable only in those situations where a probationer has been arrested on a felony charge and pursuant to Section 949.10 the automatic provisions for temporary revocation apply. The record herein reflects that petitioner was arrested pursuant to a warrant for his arrest, as opposed to his arrest for a new felony charge.
When a probationer is arrested pursuant to a warrant, the provisions of Section 948.06, Fla. Stat. (1977), apply. Under this section if the probationer does not admit the violation(s), the court may commit him "with or without bail" and must hold a hearing "as soon as may be practicable." Unless the petitioner can show an abuse of the trial court's discretion in denying bail or failing to hold a hearing as soon as practicable, he has not established a prima facie cause for the issuance of our writ of habeas corpus. No such abuse of discretion has been demonstrated here.
Accordingly, the petition for writ of habeas corpus is denied.
ANSTEAD and DAUKSCH, JJ., concur.