PER CURIAM.
Petitioner Angela Hill filed this petition for writ of habeas corpus alleging that her detention without bond was illegal because she has been held since her arrest for violation of probation on June 1, 1999 without a first appearance, bond or preliminary hearing. Petitioner advised that the presiding judge would not entertain a hearing in her case until July 6, 1999 at the earliest. This court already has granted this petition by order, but now issues this opinion to explain its rationale for doing so.
Section 948.06(1), Fla. Stat. (1997), provides that a warrant for the arrest of a probationer shall be “returnable forthwith before the court granting such probation or community control.” The court is charged at this appearance with advising the probationer brought before it of the charge of violation, and proceeding accordingly. As well, Florida Rule of Criminal Procedure 3.130 entitles a person arrested to be taken before a judicial officer within 24 hours of arrest. Here, petitioner is being held more than four weeks before having her first court appearance on the charge of violation of probation.
The state has argued that trial courts have discretion to control their dockets, and while that may be true as a general principle, it does not supplant the rights of defendants to be brought to court forthwith following, an arrest for violation of probation, particularly when a statute and rule of criminal procedure expressly mandate that the appearance be forthwith or within 24 hours. We find the cases cited by state to be factually distinguishable. For example, in State v. Griffith, 331 So.2d 313 (Fla.1976), the defendant was arraigned and did not demand a preliminary hearing. In Bennington v. Thornton, 370 So.2d 856 (Fla. 4th DCA 1979), this court did not address the right to first appearance or arraignment for defendants charged with violation of probation.
We grant the petition for writ of habeas corpus and direct the court to bring petitioner before it forthwith, if it has not done so already in compliance with this court’s previously released order.
PETITION GRANTED.
POLEN, TAYLOR and HAZOURI, JJ., concur.