861 So.2d 99 (2003)
David McCARTHY, Petitioner,
v.
Ken JENNE, Sheriff of Broward County, Respondent.
No. 4D03-4324.
District Court of Appeal of Florida, Fourth District.
December 17, 2003.
Fred Haddad of Fred Haddad, P.A., Fort Lauderdale, for petitioner.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Linda Harrison, Assistant Attorney General, West Palm Beach, for respondent.
PER CURIAM.
We deny the petition for writ of habeas corpus. In this case, petitioner is charged with a violation of probation. Bail pending revocation of a violation of probation is not a guaranteed constitutional right. See § 948.06(1), Fla. Stat. (2002) (stating that if the probationer does not admit the violation, "the court may commit [the person] or release [the person] with or without bail to await further hearing"); Fla. R.Crim. P. 3.790(b) (same); Bernhardt v. State, 288 So.2d 490, 497 (Fla. 1974). Unless petitioner can show that the trial court abused its discretion in denying bail, he is not entitled to a writ of habeas corpus. See Bennington v. Thornton, 370 So.2d 856 (Fla. 4th DCA 1979). In this case, after bond had been set, the state filed an amended affidavit of violation of probation adding the new charge that petitioner had been driving under the influence of a controlled substance, in addition to alcohol. At the first bail hearing, petitioner argued that the evidence against him for DUI was weak, since his blood alcohol reading was.00. The trial court did not abuse its discretion in reconsidering bail under the new charge on the amended violation of probation warrant.
GUNTHER, GROSS and MAY, JJ., concur.