966 So.2d 504 (2007)
Christopher PERAZA, Petitioner,
v.
Rick BRADSHAW, Sheriff of Palm Beach County, and the State of Florida, Respondents.
No. 4D07-3870.
District Court of Appeal of Florida, Fourth District.
October 18, 2007.
Kevin R. Anderson of Anderson & Welch, L.L.C., West Palm Beach, for petitioner.
Bill McCollum, Attorney General, Tallahassee, and Mitchell A. Egber, Assistant Attorney General, West Palm Beach, for respondent State of Florida.
WARNER, J.
Petitioner Christopher Peraza requests that this court issue a writ of habeas corpus to release him from custody and reinstate bail for his probation violation case. A first appearance judge had set bail which was later revoked by the original sentencing judge. We hold that the sentencing judge had authority to revoke bail set by a first appearance judge. Therefore, we deny the writ.
*505 Peraza was placed on drug offender probation for the crimes of possession of cocaine and marijuana. While on probation, Peraza was arrested on April 25, 2007, for trafficking in oxycodone. He was brought before a first appearance judge on the same date, and the judge released him under a supervised recognizance program. Before his release from jail was complete, his probation officer prepared and filed an affidavit of violation of probation. An arrest/notice to appear form was prepared by the Department of Corrections and signed by the probation officer. Pursuant to the arrest report, Peraza was brought before another first appearance judge the next day. That judge set a bond of $5,000, and Peraza was released. He was not returned to the judge who committed him to probation.
Five months later, Peraza came for a preliminary violation of probation hearing before the judge who had committed him to probation. That judge sua sponte revoked the bond because Peraza was arrested for trafficking in drugs while he was already on probation for a drug charge. From that order, Peraza petitions for relief.
Probation is an act of grace to a defendant convicted of a crime. See Kaduk v. State, 959 So.2d 817 (Fla. 4th DCA 2007). When a defendant violates probation, that defendant is not in the same position as a defendant arrested for the commission of a crime for which he or she is deemed innocent until proven guilty beyond a reasonable doubt. As such, there is no constitutional right to bail pending a revocation of probation. See Genung v. Nuckolls, 292 So.2d 587 (Fla.1974); McCarthy v. Jenne, 861 So.2d 99 (Fla. 4th DCA 2003).
Because this was an arrest for a probation violation rather than a new crime, we conclude that Florida Rule of Criminal Procedure 3.131 does not apply. Rule 3.131(a) starts with the premise that a person charged with an offense is entitled to pretrial release on reasonable conditions. Probationers are not entitled to pretrial release, and thus they are not entitled to all of the protections of rule 3.131.
To allow a probationer to obtain a bond from a first appearance judge, who has little, if any, knowledge of the case, would deprive the judge or court which imposed the sentence from determining, in its discretion, the appropriate release provisions pending a final hearing on the probation. Because the probationer is only on probation as an act of grace of the sentencing court, the sentencing court has the discretion to grant or deny bail pending the revocation hearing. A first appearance judge has the authority to set bail only pending a further hearing before the sentencing court. See § 948.06(4), Fla. Stat. (2006) (where probationer is arrested, taken before a court in the county in which he or she is arrested and denies a violation of probation, the court may release the probationer with or without bail "to await further hearing").
Peraza was already on probation for drug charges, and he was arrested for another drug offense in direct violation of the terms of his probation. This was no technical violation of the conditions of his probation. We think it is well within the discretion of the sentencing court to refuse his continued release. The trial court did not abuse its discretion in determining not to continue Peraza on bail.
STEVENSON and GROSS, JJ., concur.