NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

DARYL COMOLLI,                          )
                                        )
            Appellant,                  )
                                        )
v.                                      )          Case No.   2D14-652
                                        )
STATE OF FLORIDA,                       )
                                        )
            Appellee.                   )
_____)

Opinion filed December 3, 2014.

Appeal from the Circuit Court for
Hillsborough County; Chet A. Tharpe,
Judge.

Howard L. Dimmig, II, Public Defender,
and Tosha Cohen, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Helene S. Parnes,
Assistant Attorney General, Tampa,
for Appellee.


KELLY, Judge.

        Daryl Comolli appeals from the order revoking his probation.  He argues

that the evidence was insufficient to support the finding that his failure to keep his

electronic monitoring device charged was a willful and substantial violation of a term of his probation. We agree and reverse.

At the violation of probation hearing, a records custodian from the electronic monitoring company that monitors probationers' GPS tracking devices explained that the company is alerted when a probationer's monitoring unit is not sufficiently charged or when the probationer's ankle bracelet is too far from the monitoring unit. Comolli's probation officer testified that a monitoring device needs to be charged for at least four hours a day. Every time an alarm occurs, a probation officer will contact the offender and ascertain the reason for the alarm. Over a two-month period, the monitoring company notified the probation office that it had been alerted on three occasions that Comolli was not properly charging his monitoring device. The device never completely lost power. When Comolli was contacted as to his whereabouts, he was at an approved location on each occasion. Two additional alarms occurred when Comolli stepped out of range of the monitoring device. Comolli explained to the monitoring company that the first "bracelet gone" alarm occurred at the construction site where he was working and he walked away from the device for two minutes. The second "bracelet-gone" incident occurred when Comolli accidentally stepped out of range of the device for two or three minutes while doing yard work.

Comolli testified that he had difficulty charging his device for four hours because occasionally he did not have electricity at his home and could not go elsewhere for that length of time because of his curfew. He could not go to friends' houses where children lived because of the term of probation prohibiting him from being around minors. He could not charge the device at the probation office because he was

at work during the hours the probation office was open. Sometimes he went to a nearby gas station or strip mall and used an outdoor outlet to charge his device for an hour or two.

On appeal from a ruling on a request to revoke probation, the appellate court must first assess whether the finding of a willful and substantial violation is supported by competent, substantial evidence. Savage v. State, 120 So. 3d 619, 621 (Fla. 2d DCA 2013). If the greater weight of the evidence supports a finding of a willful and substantial violation, the appellate court must then consider whether the trial court abused its discretion in revoking the appellant's probation. Id. at 623. "A defendant's failure to comply with a probation condition is not willful where his conduct shows a reasonable, good faith attempt to comply, and factors beyond his control, rather than a deliberate act of misconduct, caused his noncompliance." Soto v. State, 727 So. 2d 1044, 1046 (Fla. 2d DCA 1999).

In this case, the evidence of Comolli's failure to abide by the "Electronic Monitoring Equipment Assignment Rules" is insufficient to constitute a willful and substantial violation of probation. The record shows that Comolli's monitoring device was not fully charged on only three occasions. The unit never completely lost power, and there were no allegations that Comolli was in an unauthorized location or that he deliberately removed or damaged his monitoring device. Comolli was completely "off the radar" only on two occasions when he briefly stepped out of range of the monitoring device. The State failed to show that Comolli's failure to comply with the monitoring rules were deliberate acts of misconduct.

As this court has stated, "[t]he purpose of the electronic monitoring of probationers, community controlees, and parolees is not punitive." Correa v. State, 43 So. 3d 738, 745 (Fla. 2d DCA 2010). Instead, the electronic monitoring enables officers to supervise probationers subject to certain restrictions more efficiently at a lower cost and helps to discourage behavior that is likely to lead to violations of supervision. Id. "Of course, intentional disregard of the GPS monitoring rules, tampering with the equipment, or actual violations of curfew or other activity restrictions will generally amount to willful and substantial violations of the conditions imposed." Id. But where the subject unintentionally fails to operate the equipment properly, the noncompliance with the rules does not rise to the level of a willful and substantial violation of probation. Id.; see also Garcia v. State, 701 So. 2d 607, 609 (Fla. 2d DCA 1997) ("A violation of probation will not be found where the violation is due to negligence or ineptitude."); cf. Soliz v. State, 18 So. 3d 1094, 1097 (Fla. 2d DCA 2009) (affirming a revocation of probation based on the failure to submit to electronic monitoring where the defendant had twenty-one "bracelet gone" alerts and ten insufficient battery charge alarms).

Accordingly, because the record fails to support a willful and substantial violation of probation, we reverse the order revoking Comolli's probation.

Reversed.

DAVIS, C.J., and VILLANTI, J., Concur.