Kuntz, J.
The State filed a petition for writ of certiorari seeking to- quash the court’s order finding section 903.0351(l)(b), Florida Statutes (2016), unconstitutional. We grant the petition and quash the order.

Background

The Defendant pled no contest to felony driving with a revoked license and was *943 placed on probation. During the probationary period, he was charged by affidavit with violating his probation by committing several new substantive offenses including robbery, burglary, grand theft, battery, possession of a weapon by' a convicted felon, possession of cannabis, and witness tampering. He fled the scene of the crime; however, he was later taken into custody and released on bond. Subsequently, the State moved to revoke bond pursuant to section 903.0351(l)(b), Florida Statutes (2016), because he had been arrested for the qualifying offenses of robbery and burglary.
The Defendant responded to the State’s motion and argued , that section 903.0351(l)(b) was unconstitutional. Specifically, he argued that this section violates due process by precluding bond based on defendant’s “arrest” without (i) requiring that the arrest be supported by probable cause or (ii) providing for an evidentiary hearing on the issue.
The court denied the State’s motion to revoke bond. The court found that, because section 903.0351(l)(b) does not implicitly require that the predicate arrest be lawful, a defendant has no opportunity to challenge the revocation of his bond even if the arrest “is of a questionable nature.” Therefore, the court held that section 903.0351(l)(b) is unconstitutional on its face and as applied, because it violates due process.
The State filed a petition for writ of certiorari, seeking to quash the order.
Analysis[1]
Section 903.0351(l)(b), Florida Statutes (2016), is not unconstitutional for failing to provide a mechanism to seek bail pending a violation of probation hearing. A probationer arrested for a new crime during the period of his probation does not have the same constitutional rights as a person not on probation at the time of arrest. Peraza v. Bradshaw, 966 So.2d 604, 505 (Fla. 4th DCA 2007). A person not on probation at the time of arrest is presumed innocent until proven guilty beyond a reasonable doubt, but a person on probation at the time of arrest is not entitled to that same presumption. Id. Further, a person on probation at the time of his arrest does not have- a constitutional right to be released prior to his violation of probation hearing. Id. (citing Genung v. Nuckolls, 292 So.2d 587 (Fla. 1974); McCarthy v. Jenne, 861 So.2d 99 (Fla. 4th DCA 2003)).
Therefore, there is a fundamental flaw in the argument that the statute is- unconstitutional because it lacks a procedure for a probationer arrested of a new crime to seek bail. That probationer is not constitutionally entitled to bail pending the violation of probation hearing, and there can be no constitutional violation in failing to provide a procedure for something which the probationer is not constitutionally entitled to receive.
The court also concluded that the statute is unconstitutional because “the statute contains no language indicating that the Court must find probable cause for the arrest prior to entering an order of no bond for the violation.” The Florida Supreme Court has determined that implicit in the word “arrest” is that the “arrest” must be lawful and supported by probable cause. Bernhardt v. State, 288 So.2d 490, 496 (Fla. 1974). The court also stated that’nowhere in Florida law is an *944 arrest authorized without probable cause. Id. Therefore, the statute was not unconstitutional for failing to explicitly state what our supreme court has found to be implicitly required with any arrest.

Conclusion

The court erred as a matter of law when it found section 908.0351(l)(b) unconstitutional and unenforceable. Because there is no constitutional right to bail pending a violation of probation hearing, there can be no constitutional infirmity in not providing a procedure for seeking bail. Similarly, the failure to explicitly state that arrests pursuant to the statute be lawful and with probable cause does not render the statute unconstitutional as every statutory authorization of arrest implicitly requires the arrest be lawful and with probable cause.
The petition for writ of certiorari is granted and the court’s order declaring section 903.0351(l)(b) unconstitutional and unenforceable is quashed.

Petition granted; order quashed.

May and Levine, JJ., concur.

. We have jurisdiction. State v. Pettis, 520 So.2d 250, 253 (Fla. 1988) ("The ability of the district courts of appeal to entertain state petitions for certiorari to'review pretrial orders in criminal cases is important to the fair administration of criminal justice in this state.”); State v. Ajim, 565 So.2d 712, 712 (Fla. 4th DCA 1990) (granting petition for writ of certiorari and quashing order setting bond).