# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

No. 1D18-1227

———————————————

TROY GREGORY KING,

   Appellant,

   v.

STATE OF FLORIDA,

   Appellee.

———————————————

On appeal from the Circuit Court for Alachua County.
James M. Colaw, Judge.

April 22, 2019


WOLF, J.

Appellant challenges the trial court's order that found him in violation of three conditions of his probation and revoked but reinstated probation with modified terms. We agree with appellant that there was no competent, substantial evidence to support the trial court's findings that appellant willfully and substantially violated these conditions and reverse.

First, the court found appellant willfully and substantially violated the condition of his probation that required him to wear an electronic monitoring device. The State presented evidence that on one occasion, appellant moved away from the device for approximately five minutes before returning to it. He told his probation officer that he left the device on the charger in the

welcome center of the homeless shelter where he resided and walked into the cafeteria. When appellant was contacted by the monitoring company, he told them what happened. The State failed to present any evidence that appellant intentionally violated the electronic monitoring rules. Evidence that a probationer walked away from a monitoring device for a brief period of time is not competent, substantial evidence of a substantial and willful violation. *See Channell v. State*, 200 So. 3d 247, 248 (Fla. 1st DCA 2016); *Comolli v. State*, 152 So. 3d 119, 120 (Fla. 2d DCA 2014); *Correa v. State*, 43 So. 3d 738, 745 (Fla. 2d DCA 2010). Thus, we reverse this finding.

Second, the court found appellant willfully and substantially violated the condition of his probation that he complete sex offender treatment. Appellant testified that he tried to attend his first appointment for his initial assessment, but he was told it would cost $90. He tried to make a partial payment of $40, which was all the money that he had, but he was told he had to pay the full amount up front. Appellant stated he did not bother going the next time he had an appointment because he had not been able to save up any more money. He stated he was homeless and jobless, despite actively searching for employment.

The probation officer testified and confirmed that appellant would have been required to pay $90 for his initial assessment. To her knowledge, the money was due up front and partial payments were not accepted. Both times appellant missed an appointment, he told her it was because he could not afford the fee. She stated appellant was homeless and unemployed, though he had completed a referral to an employment specialist and had completed job search logs on his own, documenting that he was searching for a job.

"'In probation revocation proceedings for failure to pay a monetary obligation as a condition of probation, the trial court must find that the defendant's failure to pay was willful—i.e., the defendant has, or has had, the ability to pay the obligation and purposefully did not do so.'" *Aviles v. State*, 165 So. 3d 841, 843 (Fla. 1st DCA 2015) (quoting *Del Valle v. State*, 80 So. 3d 999, 1012 (Fla. 2011)). The initial burden is on the State to prove

ability to pay, and once it does so, the burden shifts to the defendant to prove inability to pay. *Del Valle*, 80 So. 3d at 1013.

The failure to attend sex offender treatment is not willful if the probationer failed to attend due to a lack of ability to pay. *See Selig v. State*, 112 So. 3d 746, 750 (Fla. 2d DCA 2013) (reversing a finding of a violation of probation for failure to attend sex offender treatment in part because it was clear from the record that the probationer lacked the ability to pay for the sessions, and the record was "not clear whether . . . his lack of financial ability to pay the provider prevented his receiving the treatment"). *Cf. Adams v. State*, 979 So. 2d 921, 928 (Fla. 2008) (affirming finding of violation of probation for failure to attend sex offender treatment where there was evidence in the record supporting the trial court's finding that the defendant had the ability to pay).

Because it was undisputed that appellant failed to attend sex offender treatment due to his lack of ability to pay, his failure to attend treatment was not willful. Thus, we reverse this finding.

Third, the court found appellant was in violation of the condition of his probation requiring him to pay $4.50 a day for the cost of electronic monitoring, for which he was in arrears of over $800. Consistent with our finding above, the State failed to put forth any evidence that appellant had the ability to pay a $4.50 daily monitoring cost. Thus, this finding was not supported by competent, substantial evidence.

Because the record fails to support a finding of a willful and substantial violation of probation, we REVERSE the order revoking appellant's probation.

WINOKUR, and JAY, JJ., concur.

---

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

---

Andy Thomas, Public Defender, and Joel Arnold, Assistant Public Defender, Tallahassee, for Appellant.

Ashley Moody, Attorney General, Frank X. Moehrle and Amanda Stokes, Assistant Attorneys General, Tallahassee, for Appellee.