# Third District Court of Appeal

## State of Florida

Opinion filed October 12, 2022.
Not final until disposition of timely filed motion for rehearing.

————————————

No. 3D21-1522
Lower Tribunal No. F15-15560

————————————

**Jorge Perez Mendoza,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Jose L. Fernandez, Judge.

Carlos J. Martinez, Public Defender, and Shannon Hemmendinger, Assistant Public Defender, for appellant.

Ashley Moody, Attorney General, and Kseniya Smychkouskaya, Assistant Attorney General, for appellee.

Before EMAS, LINDSEY, and GORDO, JJ.

LINDSEY, J.

Appellant Jorge Mendoza appeals an order revoking his probation and sentencing him to serve life in prison. Because the State presented competent, substantial evidence that Mendoza willfully violated the terms of his probation, we find no abuse of discretion and affirm.

## I. BACKGROUND

Jorge Mendoza kidnapped a six-year-old girl from her home, took her to a back alley, and engaged in a sexual act in front of her. Mendoza was charged with lewd and lascivious exhibition on a child under sixteen years old and kidnapping a child under thirteen years old. Mendoza accepted a negotiated plea offer, pled guilty to these charges, and was sentenced to serve five years in prison followed by seven years of probation. As part of his probation, the trial court required that Mendoza complete a mentally disordered sex offender (MDSO) program and pay for the costs incurred in participating in this program.

After serving only two years of his sentence Mendoza was released from prison and placed on probation. Within five months of being released, however, the Department of Corrections filed an Affidavit of Violation of Sex Offender Probation alleging that Mendoza had failed to comply with the terms of his supervision. Specifically, the affidavit alleged that Mendoza had failed,

on four different occasions, to appear for an intake evaluation that was needed for his MDSO program.

Consequently, the trial court conducted a probation violation hearing. Mendoza's probation officer, Edlyne Frisbie, testified that she had informed Mendoza that he needed to complete the MDSO program and that she had scheduled an intake evaluation for September 11, 2020. Mendoza, however, failed to appear. Officer Frisbie notified Mendoza that she had rescheduled his appointment for September 15, but he once again did not appear. Officer Frisbee rescheduled another appointment for November 8, and Mendoza for a third time failed to appear. Officer Frisbee rescheduled yet another appointment for December 7. And Mendoza yet again failed to appear. Mendoza testified that he failed to appear on these four occasions because he lacked the $92 needed to pay for the intake evaluation. Mendoza further expressed that because he was homeless, was a registered sex offender, and the Covid-19 pandemic was ongoing, he could not find a job to help pay for the program.

The State contended that Mendoza had not made any attempts to find employment, and that his inability to pay was a mere pretext for his lack of compliance. In support of this contention, the State presented evidence at the hearing to demonstrate that even though Mendoza was homeless and

3

living in a tent: he owned furniture, a gas stove, basic necessities and comforts, a working cell phone, and was able to provide for his own needs. Mendoza could have therefore sold some of these possessions to raise the needed $92 but failed to do so or to take any reasonable steps to secure funding during the near-150 days he was out of prison and on probation.

The trial court, after hearing testimony and considering both the State's and Mendoza's arguments, found that Mendoza "not only didn't make a reasonable effort, in my opinion, he didn't make any effort" to try and raise the needed $92. The trial court therefore found that Mendoza had willfully and substantially violated his probation by continually failing to attend the intake evaluation, and as a consequence, the court revoked his probation. The trial court further found that Mendoza was a danger to the community and sentenced him as a habitual felony reoffender to life in prison.[1] Mendoza filed this timely appeal.

## II.   STANDARD OF REVIEW

It has been "well established that '[p]robation is an act of grace to a defendant convicted of a crime.'" Clarington v. State, 314 So. 3d 495, 502

---

[1] Mendoza has extensive prior convictions, having previously been convicted of: two counts of battery on a law enforcement officer, burglary with an assault and battery, burglary of an occupied dwelling, lewd and lascivious behavior, and indecent exposure.

4

(Fla. 3d DCA 2020) (quoting <u>Peraza v. Bradshaw</u>, 966 So. 2d 504, 505 (Fla. 4th DCA 2007)). For this reason, the "trial court's finding of a willful and substantial violation of [a] probation term is reviewed for competent, substantial evidence" and "[t]he trial court's decision to revoke probation based on such evidence is reviewed for an abuse of discretion." <u>D.G. v. State</u>, 315 So. 3d 72, 76 (Fla. 3d DCA 2020) (citations omitted).

## III.   ANALYSIS

In making a determination whether revocation of probation is appropriate, a trial court must assess whether the "violation is both willful and substantial[.]" <u>State v. Carter</u>, 835 So. 2d 259, 262 (Fla. 2002). "The trial court has broad discretion to determine whether there has been a willful and substantial violation of a term of probation and whether such a violation has been demonstrated by the greater weight of the evidence." <u>Id.</u> Here, Mendoza argues that he did not willfully violate his probation for two reasons: (1) his inability to pay the $92 evaluation fee prevented him from attending the evaluation and (2) the trial court's order did not specify a date by which the MDSO program had to be completed.

### 1. Mendoza's Inability to Pay

Mendoza relies on <u>King v. State</u>, 268 So. 3d 936, 938 (Fla. 1st DCA 2019) for the proposition that a failure to attend sex offender treatment is not

5

a willful violation when it is the result of an inability to pay. In <u>King</u>, the defendant tried to make a partial payment to attend the intake evaluation for his sex offender treatment but was turned away because the full amount was due upfront, and he did not have enough money to pay the entire sum. The defendant tried to remedy this by working with a job referral specialist to find work, and even had documentation that he was searching for work on his own, but he still could not come up with the full amount needed to attend the evaluation. For this reason, our sister court at the First District found that "[b]ecause it was undisputed that appellant failed to attend sex offender treatment due to his lack of ability to pay, his failure to attend treatment was not willful." <u>Id.</u> at 939.

This case is distinguishable from <u>King</u> for three reasons. First, it was undisputed that the defendant in <u>King</u> did not have the ability to pay for his evaluation, whereas it *is* disputed whether Mendoza's claim of lack of ability to pay is a pretext for his non-compliance. Second, the defendant in <u>King</u> showed up at the evaluation and attempted to make a partial payment, but Mendoza never even appeared at one of his four evaluations. Finally, the defendant in <u>King</u> had documentation that he was attempting to find work, whereas Mendoza does not, testifying that:

> They didn't give me an ID or any kind of paper to be able to look for a job. In fact, the officer is present - - they only gave me one

6

paper that says, sex offender. And I wasn't going to show that kind of paper to a work center. They wouldn't have given me any job anyways.

Furthermore, it cannot be ignored that Mendoza had roughly 150-days to try and secure the needed $92. Mendoza failed to pursue any alternative avenues of securing money during this period. And, as the trial court noted, Mendoza never attempted to sell any of his belongings to try and raise money.

Based upon these facts, the trial court concluded that Mendoza "not only didn't make a reasonable effort, in my opinion, he didn't make any effort" to obtain the needed $92.[2] The Florida Supreme Court has held that when there is a question as to whether a defendant's conduct is willful, the trial court is "well within its discretion in rejecting [the defendant's] excuse as unpersuasive." Adams v. State, 979 So. 2d 921, 928 (Fla. 2008). This is exactly what the trial court did in this case by weighing the evidence and finding Mendoza's excuse that he could not pay to be a pretext for his non-compliance.

For these reasons, given the broad discretion afforded trial courts in revoking supervision, we find that the State produced competent, substantial

---

[2] This situation brings to mind the old adage that where there is a will, there is a way. Here, the trial court found there was no will, hence, not surprisingly, no way.

7

evidence that Mendoza willfully violated the terms of his probation and that the trial court did not abuse that discretion.

## 2. The MDSO Program

Mendoza contends that because he had time left on his probation, and the trial court's probation order did not specify the date by which the MDSO program had to be completed, he was incapable of willfully violating the court's order. We disagree. The Florida Supreme Court has held that a trial court is well within its discretion to revoke probation for the non-completion of a sex offender program, even when the order does not specify the date by which it needs to be completed:

> [E]ven where the probation order does not specify a deadline for completing a sex offender program or how many attempts the probationer has to complete it, where a defendant enrolls in but fails to complete a sex offender treatment program, a trial court may, in its discretion and depending on the circumstances, revoke the defendant's probation.

Adams v. State, 979 So. 2d 921, 922 (Fla. 2008).

In this case, even though the probation order did not specify when the MDSO program needed to be completed, Officer Frisbie gave Mendoza four separate chances to attend his evaluation. Mendoza was aware that he was required to appear at these evaluations, yet purposefully chose not to do so. For this reason, we find that the trial court was within its discretion to revoke Mendoza's probation for failure to complete the MDSO program even though

8

the probation order did not specify the date by which it needed to be completed.

## IV.    CONCLUSION

In conclusion, there is competent, substantial evidence to support the trial court's finding that Mendoza willfully violated the terms of his probation. Accordingly, we cannot find that the trial court abused its discretion in revoking Mendoza's supervision.

Affirmed.